McCOY v. RAILROAD.

(Filed October 23, 1906).

*Railroads—Fires—Negligence—Evidence—Pleadings.*

1. In an action for damages for a fire alleged to have been set out by defendant's negligence, where the only allegation of negligence was that the defendant negligently allowed its right-of-way to become foul with inflammable material, and the plaintiff's evidence was to the effect that the place where the fire caught was very clean, that there was a little dry grass on the right-of-way, and that there was an extraordinary drought at the time, the motion to nonsuit should have been allowed.

2. Proof without allegation is as unavailing as allegation without proof.

Action by L. C. McCoy and wife against Carolina Central Railroad, heard by *Judge O. H. Allen* and a jury, at the March Term, 1906, of the Superior Court of Brunswick.

The plaintiff sued to recover damages alleged to have been sustained by reason of the defendant's negligence in keeping a foul right-of-way to which it was charged that fire was communicated from defendant's engine and thence to plaintiff's land.

The following issues were submitted:

"1. Is the plaintiff the owner of the lands mentioned and referred to in the complaint? A.: Yes.

"2. Was the plaintiff damaged by the negligence of the defendant, *as alleged in the complaint?* A.: Yes.

"3. What damage is plaintiff entitled to recover? A.: $250."

From the judgment rendered, the defendant appealed.

No counsel for the plaintiff.
*Meares & Ruark* for the defendant.

Brown, J. The only allegation of negligence set out in the complaint is as follows: "That on said date the said defendant carelessly and negligently allowed its right-of-way to become foul with dry grass and other inflammable matter, which was fired by sparks from a passing engine, the fire immediately reaching plaintiff's land, burning over said land, destroying and burning up quantities of timber, pine-straw and other products of value, to plaintiff's damage $800."

It is to be observed that no negligence is alleged other than such as relates to the condition of the right-of-way. The controversy is therefore limited to two inquiries: Was the right-of-way in the condition alleged? If so, was the fire caused by such alleged negligence? The plaintiff offered the following evidence:

L. C. McCoy testified solely to the title to the land and damages. He knew nothing of the fire or its cause, or the condition of the right-of-way.

Charles McCoy testified: "I was at Northwest station on the day of the fire. The train had passed going towards Wilmington. After it passed a fire sprang up. The place where the fire started was between the telegraph pole and the railroad track on the right-of-way. The fire also caught further down in a bay adjoining the right-of-way. This second fire which caught in the bay broke out into a big fire and burned over the land and is the one which did the damage. There was some dry grass where the fire first started." On cross-examination he said: "I do not know the width of the defendant's right-of-way where the fire started. I do not know the width of the right-of-way at the point where the bay adjoined same. I do not know whether the telegraph pole is on the defendant's right-of-way. The place where the fire first started was very clean. There was a little dry grass. It had been burned over in the spring of 1900. There was an extraordinary drought at that time; it had been a very long dry spell and rain was much needed. When the fire started in the bay it broke out into a big fire and burned over the land."

At the conclusion of this evidence plaintiff rested. Thereupon defendant moved to nonsuit plaintiff and dismiss the action under the statute, for that there was no evidence of negligence as alleged in the complaint. This motion was overruled and the defendant excepted.

The defendant introduced five witnesses, who testified that the right-of-way was perfectly clean and had recently been "burned off" by the section-master, and also that the damage was very small, and rested its case.

Plaintiff offered no other testimony.

Defendant renewed motion to nonsuit, which being overruled, defendant excepted.

The defendant also requested the Court, among other matters of law, to charge that there was no evidence of the exist-

ence of inflammable or combustible material on the right-of-way, which was refused, and defendant again excepted.

We think the motion to nonsuit should have been sustained. The only allegation of negligence relates to the condition of the right-of-way, and the second issue pointedly refers to that specific negligence alleged in the complaint, and to no other. As will be seen by his Honor's charge, the case was tried with reference to that character of negligence only. The Court charged as follows: "This is an action for damages alleged to have been sustained by reason of negligence of the defendant in allowing its right-of-way to become foul with inflammable material, and by reason of a fire originating on said right-of-way and burning over plaintiff's lands. The burden is upon the plaintiff to satisfy you by the greater weight of the evidence that inflammable material had been allowed to accumulate upon defendant's right-of-way, and that by reason of the existence of the same a spark emitted from defendant's engine ignited such inflammable material."

There is no evidence whatever that the defendant was negligent as to the condition of the right-of-way, or that the fire caught on the right-of-way because of any accumulation of inflammable material, as alleged in the complaint. The plaintiff's only witness testified that the place where the fire caught was *very clean;* that there was a little dry grass on the right-of-way, and that it had been burned over in the spring of 1900. He also said: "There was an extraordinary drought at that time; it had been a very long dry spell." The fact that there was a "little dry grass" on the right-of-way in a period of extraordinary drought is not negligence. But if it was, that grass did not catch fire, for the witness distinctly says the place where the first fire caught was "very clean." It caught nowhere else on the right-of-way. Furthermore, the fire which caught on the right-of-way at the "very clean" place mentioned by the witness spread no

further. It died out and did not get off the right-of-way, due probably to its clean condition. According to the witness, it was not this fire which spread over plaintiff's land, but another fire which originated further down and off the right-of-way. The evidence therefore fails to sustain the only allegation of negligence set out in the complaint. That allegation specifies and particularizes the negligence, and the plaintiff cannot recover on any other. It is a settled maxim of the law that proof without allegation is as unavailing as allegation without proof. The authorities are in accord. *Moss v. Railroad,* 122 N. C., 891; *Conley v. Railroad,* 109 N. C., 692; Elliott on Railroads, sec. 1594.

The evidence in the case having failed to prove the alleged negligence set out in the complaint, the motion to nonsuit should have been allowed. For failing to do so there is

Error, and Reversed.