RAY OGLE, BY HIS NEXT FRIEND, GRADY OGLE, v. C. L. GIBSON AND GIBSON-HOWELL COMPANY, INC.

(Filed 21 September, 1938.)

1. **Automobiles § 18h: Negligence § 20—Instruction held for error as requiring defendants to show absence of negligence in order to prevail on issue of contributory negligence.**

An instruction on the issue of contributory negligence that if the jury found by the greater weight of the evidence, the burden being upon defendants, that defendant was driving his car in a reasonable and prudent manner, and that plaintiff suddenly and voluntarily jumped in front of defendant's car, and that such negligence on the part of plaintiff was a proximate cause of the injury, the jury should answer the issue of contributory negligence in the affirmative, *is held* reversible error as placing the burden on defendants to show they were not guilty of negligence in order to be entitled to prevail on the issue of contributory negligence.

2. **Negligence § 11—**

Contributory negligence is negligence on the part of plaintiff which concurs with the negligence of defendant in proximately causing the injury, and there can be no contributory negligence unless defendant is also negligent.

APPEAL by defendants from *Alley, J.,* at June Term, 1938, of BUNCOMBE. New trial.

This action was brought by plaintiff to recover damages on account of an alleged injury caused by the negligent operation of an automobile by defendant C. L. Gibson.

There were three issues submitted to the jury, the first covering the negligence of the defendants, the second, contributory negligence on the part of the plaintiff, the third, the *quantum* of damages.

There was evidence submitted to the jury upon all the issues. The jury answered the first issue "Yes," the second issue "No," and the third issue "$2,875." On the second issue the trial judge instructed the jury as follows:

"So with respect to the second issue, the burden of which rests upon the defendants, I charge you that if you find, by the greater weight of the evidence, that on 7 February, 1938, while the defendant C. L. Gibson was driving the car of the defendant company along the Highway No. 10 at the place in question, at a reasonable and prudent rate of speed, and you further find that as he passed the two-horse wagon in question that just as the front of his car was passing the rear of the wagon, the plaintiff, who had been riding on the rear end of the coupling pole of said wagon, without any notice or warning to defendant, suddenly and voluntarily jumped from said coupling pole and jumped in front of the

defendants' car and was thereby stricken and injured as he complains, then that would be contributory negligence that would bar his recovery, and it would be your duty in that aspect of the case to answer the issue 'Yes,' provided that you go further and find that such negligence on the part of the plaintiff was the proximate cause, or one of the efficient contributing concurrent causes of his injury, which takes into consideration the rule that I have given you as applied to children of tender years. Consider that rule that I have given you in connection with your consideration and the answer to the second issue."

To this instruction the defendants excepted.

*Lewis L. Rishel for plaintiff, appellee.*
*Smathers & Meekins for defendants, appellants.*

SEAWELL, J. The jury might have inferred from the instruction given that the defendants could not prevail on the issue of contributory negligence unless they were free from negligence, placing the burden of such a showing upon the defendants.

There could be no contributory negligence unless the defendants were also negligent. *Ballew v. R. R.,* 186 N. C., 704, 120 S. E., 334. It is the contribution which the plaintiff makes to the negligence of the defendants as the proximate cause of the injury which bars the right to recover. *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488; *Elder v. R. R.,* 194 N. C., 617, 140 S. E., 298; *Construction Co. v. R. R.,* 185 N. C., 43, 116 S. E., 3.

We consider the instruction on this issue erroneous in this respect, entitling the defendants to a new trial.

We do not consider the other exceptions, since they may not recur on the next trial.

New trial.