CARMEL T. ALLEN v. BERT WILEY SHARP, GRIFFITH LUMBER COMPANY AND ROBERT THOMAS WILLIAMS.

(Filed 13 April, 1966.)

**Automobiles § 41— Defendant is not required to foresee that another motorist would recklessly drive his vehicle on wrong side of road.**

Evidence that defendant driver of a tractor trailer stopped his vehicle in front of plaintiff's house and called to plaintiff for route information, that plaintiff came to the left side of the vehicle with his back to the front thereof and talked with defendant driver, that plaintiff heard another vehicle approaching from the opposite direction, that plaintiff placed his feet on the fender of the truck and was pulling himself into the truck when the automobile, driven to the left of its center of the highway, struck plaintiff, *held* insufficient to be submitted to the jury on the issue of defendant driver's negligence, since defendant driver was not under duty to foresee that another motorist would recklessly drive his car on the wrong side of the road when ample space on his right was available.

MOORE, J., not sitting.

APPEAL by plaintiff from *Latham, Special Judge,* October Session 1965, GRANVILLE Superior Court.

The plaintiff alleged that on April 22, 1962 about 1:55 p.m. the defendant Sharp was operating a tractor trailer truck owned by the Defendant, Griffith Lumber Company, on North Main Street in Creedmoor, North Carolina; that he stopped the truck in front of the plaintiff's house and called to the plaintiff to come to the truck and inform him as to what route he should follow to reach his destination. The plaintiff walked over to the truck and stood in the street with his back to the front of the truck and began a conversation with the defendant Sharp. While standing there, the defend-

ant Williams, operating his car in the direction opposite the defendant Sharp and on the wrong side of the road, struck the plaintiff, causing injury.

The defendants, Griffith Lumber Company and Sharp, demurred to the complaint, which was sustained, and the plaintiff appealed.

*Watkins & Edmundson by R. Gene Edmundson attorneys for plaintiff appellant.*

*Royster & Royster by T. S. Royster, Jr., attorneys for defendants appellees.*

PER CURIAM. If Sharp were negligent in calling the plaintiff into the street for the purpose of asking him directions, and this is not conceded, it was negligence for the plaintiff to voluntarily comply with his request. The defendant has no greater duty to protect the plaintiff than the plaintiff has for his own safety. "The law imposes upon every person the duty to exercise for his own safety that degree of care which a reasonably prudent person would employ in the circumstances." Strong's N. C. Index, Vol. 3, Negligence, § 11, p. 458. The plaintiff contends as negligence that Sharp did not warn him of the approaching car and that "he was oblivious to his surroundings and did not hear the (Williams) car approaching." However, his complaint refutes this position when he says in Paragraphs XI and XII that while he was conversing with Sharp he was "attracted by a noise in front of the truck . . . that he looked and saw the automobile . . . headed to the left and western side of said road, and that the plaintiff grabbed portions of said truck, placed his feet on the fenders of said truck and was pulling himself onto said truck when the automobile . . . struck the plaintiff from the side."

It is apparent that Sharp had no greater knowledge of the danger than the plaintiff; that the plaintiff actually had time to place his feet on the fenders and was pulling himself on to the truck when hit by the Williams car.

As stated in the headnote in *Basnight v. Wilson*, 245 N.C. 548, 96 S.E. 2d 699:

> "The failure of the driver of a car to warn a guest, alighting from the car, that a vehicle was approaching, is without significance when the guest already knew of the approaching vehicle."

Further:

"Assuming the sufficiency of plaintiff's evidence to warrant submission of the negligence issue on the crucial question posed, acceptance of this evidence in the light most favorable to plaintiff leads to the inescapable conclusion that plaintiff, with knowledge of all the facts, had equal, if not better, opportunity reasonably to foresee such intervening action on the part of the operator of the Munden car." *Ibid.*, p. 552.

Foreseeability being one of the necessary ingredients of proximate cause *(Griffin v. Blankenship,* 248 N.C. 81, 102 S.E. 2d 451) it would be placing an impractical burden on Sharp to foresee that Williams would recklessly drive his car on the wrong side of the road when ample space on his own side was available.

Based upon his complaint the plaintiff was injured by the sole and exclusive negligence of Williams, and no actionable negligence of Sharp and his employer is alleged.

The demurrer was properly sustained.

Affirmed.

MOORE, J., not sitting.