## LAURA NELL LUTHER v. ASHEVILLE CONTRACTING COMPANY.

(Filed 14 December, 1966.)

**1. Appeal and Error § 20—**

> Plaintiff may not object to the refusal of the court to strike answers in the transcript of her adverse examination of a witness when such answers were to questions propounded by the plaintiff and were responsive thereto.

**2. Appeal and Error § 41.1—**

> The refusal of the court to strike from plaintiff's adverse examination of a witness answers of the witness on cross-examination will not be held prejudicial when such answers are merely repetitious of the witness' testimony upon direct examination by plaintiff.

**3. Appeal and Error § 51—**

> Since defendant's evidence will not be considered upon motion to nonsuit unless it is favorable to plaintiff or is in explanation of plaintiff's testimony without contradiction thereof, in reviewing judgment of nonsuit it is not necessary to consider plaintiff's objections to evidence offered by defendant.

**4. Highways § 7—**

> Even though the contract between the State Highway Commission and the contractor improving a highway obligates the contractor to erect

proper barricades, warning signs and flares, the Highway Commission may nevertheless assume responsibility therefor, G.S. 136-26, and when the evidence discloses that the Highway Commission did assume responsibility for the segment of highway in question, the contractor cannot be held liable for any negligence of the Commission in the location of barricades or in failing to place and maintain proper warning signs or lights or flares.

**5. Same—**

When the Highway Commission has barricaded a portion of the highway under improvement and closed it to the public, such segment of road is not a public highway until it is reopened by the Commission, and whether the contractor working on the project is negligent in parking its equipment at night on the road some 15 feet back of the barricade without placing lights thereon must rest upon common law principles of negligence.

**6. Same— Contractor parking equipment on closed road is not under duty of anticipating that Highway Commission might fail to erect proper warning signs.**

Parking of equipment without lights by a highway contractor some 15 feet back of a barricade erected by the State Highway Commission closing the road during construction cannot constitute a proximate cause of injury to a motorist crashing through the barricade and into the equipment when the Highway Commission has assumed the responsibility of erecting the barricade and necessary warning signs and flares, since the contractor cannot be held to the duty of anticipating that the Highway Commission would fail to discharge properly its duty in regard to warning signs and flares, and the placing of the unlighted equipment 15 feet behind the barricade could not be a proximate cause of injury if the Highway Commission properly discharged its obligations.

**7. Negligence § 7—**

Foreseeability of injury is an essential element of actionable negligence, and a person is not required to anticipate negligent acts or omissions on the part of others.

APPEAL by plaintiff from *Falls, J.,* at the 13 July 1966 Session of BUNCOMBE.

This is an action for damages for personal injuries sustained by the plaintiff and for damage to her automobile. The appeal is from a judgment of nonsuit.

The complaint alleges that the defendant was engaged in a highway construction project upon U. S. Highway 19-23, west of Asheville, pursuant to a contract with the North Carolina State Highway Commission. It alleges that the defendant erected a barricade across the highway and parked heavy earth moving equipment overnight just behind it, without adequate lights or other warning devices on the barricade or the equipment, and without providing a watchman to warn approaching motorists of the obstruction. It then alleges that the plaintiff, driving westward along the highway at 3 a.m.,

drove through the barricade and struck the defendant's equipment so parked, causing the injuries and damage of which she complains.

The answer denies all of the allegations of negligent acts and omissions by the defendant. It alleges that the highway east of the point of collision was under the exclusive control of the State Highway Commission; that the defendant had no duty to erect signs, lights or barricades thereon and that the barricade was erected by the Commission, which also erected, at various points along the highway, signs warning of the barricade and detour. The answer further pleads contributory negligence by the plaintiff in driving at a speed in excess of that which was prudent, and in failure to keep a proper lookout.

The plaintiff offered in evidence the adverse examination of the defendant's vice president. The substance of his testimony was:

The defendant had a contract with the State Highway Commission for the grading, excavation and drainage work in connection with a highway construction project three miles west of Asheville. The standard specifications for such contract provide that the contractor shall erect and maintain necessary barricades and suitable lights, danger signals and other signs for the protection of the work and the safety of the public. They also provide that highways closed to traffic shall be protected by barricades, and that obstructions shall be illuminated at night.

After this project got under way, the defendant and the division engineer and the resident engineer of the Highway Commission conferred, and the Highway Commission assumed full responsibility for the diversion of the traffic around this project and for the erection, maintenance and lighting of signs.

Pursuant to this agreement, the State Highway Commission employees erected a wooden barricade across the highway. The defendant did not participate in the erection of this barricade, which closed the highway at that point and diverted westbound traffic at an angle of 60 degrees onto a bypass around the construction in progress. Prior thereto, the defendant erected a sign 2,000 feet east of the construction area stating, "Construction Ahead 2,000 Feet." All other signs east of the barricade were constructed by the Highway Commission. These included signs reading, "Construction Ahead 1500 Feet", "Construction Ahead 1,000 Feet", "Construction Ahead 500 Feet", "Detour Ahead."

The defendant did not make any inspection of the barricade or of lights or signals thereon at night, relying upon the State Highway Commission to do so. It did not have lights on its earth moving equipment parked behind the barricade. The Commission had agreed to assume the responsibility for the erection and maintenance of

signs and barricades. The Commission, and not the defendant, re-
placed the barricade through which the plaintiff drove her auto-
mobile.

The plaintiff, herself, testified in substance as follows:

At approximately 3 a.m. on 31 January 1965, she was driving
her automobile westward from Asheville on U. S. Highway 19-23
as a result of information that a member of her family was seriously
ill. She did not know of the construction project or of the existence
of the barricade and detour. She was driving 35 to 40 miles an hour.
Her lights were on the low beam. Due to a blustery wind blowing
previously fallen snow across the highway, she could see better with
the lights on the low beam than with them on the high beam. There
was no other vehicle meeting her. There were no lights or other
warning devices upon the barricade, the equipment behind it, or the
highway approaching it. She did not observe any signs upon the
highway approaching the barricade and did not discover the barri-
cade or the detour to her right until she was 30 to 35 feet from the
barricade. She could not then make the turn into the detour and,
though she applied her brakes, her car went through the barricade
and struck the defendant's equipment parked approximately 15 feet
behind the barricade. The barricade was painted silver and black,
the silver reflecting light. The snow did not obstruct her view and
the surface of the highway was clean and dry. There were no lights
around the barricade and no watchman was present. As a result of
the collision with the equipment of the defendant, the plaintiff's
automobile was damaged and she sustained serious injuries.

A passing motorist carried the plaintiff to the hospital and tes-
tified that there were no lights at the barricade and that none were
observed by this witness along the highway.

An investigating deputy sheriff testified that there was no light-
ing whatsoever at the barricade and that the defendant's equipment
was parked 15 feet behind it. The barricade was entirely across the
highway and four feet in height. It closed the highway. The high-
way curved slightly and proceeded down a slight grade approach-
ing the barricade.

Evidence offered by the defendant, exclusive of that tending to
contradict the testimony of the plaintiff and her witnesses, tended
to show:

The barricade was erected approximately three weeks prior to
this occurrence. Westbound traffic detoured to the right at that point
to bypass the construction project. The signs upon the highway ap-
proaching the barricade, indicating that the construction project
and the detour lay ahead, were reflectorized.

*Parker, McGuire & Baley for plaintiff appellant.*
*Meekins and Roberts for defendant appellee.*

LAKE, J.    The plaintiff offered in evidence the transcript of her adverse examination of Sam Bushnell, Vice President of the defendant, and of the cross examination of this witness by the defendant. She now assigns as error the refusal of the court to strike certain answers of this witness contained therein. Three of these were answers to questions propounded by the plaintiff and were responsive thereto. The other two were responses by the witness to questions by the defendant on cross examination. At the most, these are merely repetitious of his testimony upon direct examination by the plaintiff concerning the assumption by the State Highway Commission of responsibility for the erection and maintenance of the barricade and of signs giving warning of it and of the detour. There is no merit in any of these assignments of error.

The plaintiff's assignments of error 6, 7 and 8 relate to the overruling of her objection to evidence offered by the defendant. In passing upon a motion for judgment of nonsuit, evidence offered by the defendant is not to be considered, except insofar as it is favorable to the plaintiff or is in explanation of the plaintiff's testimony without contradiction thereof. *Martin v. Underhill,* 265 N.C. 669, 144 S.E. 2d 872; *Moss v. Tate,* 264 N.C. 544, 142 S.E. 2d 161; *Fox v. Hollar,* 257 N.C. 65, 125 S.E. 2d 334. Accordingly, the testimony to which these assignments of error are directed has not been included in the foregoing statement of facts and has not been considered by us in passing upon the correctness of the judgment of nonsuit. In the absence of contrary indication in the record, it must be assumed that the trial judge observed this rule in passing upon the motion for judgment of nonsuit at the close of all the evidence. See *Construction Co. v. Crain and Denbo, Inc.,* 256 N.C. 110, 123 S.E. 2d 590. It is, therefore, not necessary for us, upon this appeal, to consider the validity of the objections by the plaintiff to this testimony.

We come, therefore, to the question of whether the evidence, viewed in the light most favorable to the plaintiff, is sufficient to withstand the motion for judgment of nonsuit.

Her evidence fails completely to establish her allegation that the defendant constructed the barricade across the highway or was under a duty to place flares, lights or other signs or signals warning of its presence. On the contrary, the evidence offered by the plaintiff establishes that the barricade was placed across the highway by the State Highway Commission to close the road west of the barricade to traffic, and that the Commission assumed the responsibility

for the erection of necessary signs, warnings and signals at and along the highway approaching the barricade.

The State Highway Commission was clearly acting within its authority when it determined, through its engineers, to erect a barricade across the highway so as to close the portion to the west of the barricade to public travel and to divert such traffic onto the by-pass around the construction project. G.S. 136-26. Under this statute, the authority of the Commission, acting through its division engineer and its resident engineer, to contract with the defendant that the Commission would assume the responsibility for the erection of the barricade and for giving the appropriate warnings of its presence, can not be doubted. The defendant cannot be held liable for any neglect of the Commission in the location or the construction of the barricade, or in placing or maintaining lights or other devices to warn motorists of its presence upon the highway. See *Moss v. Tate, supra.* Thus, but for the parking of the defendant's equipment west of the barricade, the plaintiff's evidence clearly failed to show any breach of duty by the defendant.

When the barricade was erected by the Commission, three weeks prior to this occurrence, that portion of the highway west of the barricade was closed to the public. It thereupon ceased to be a highway until it was reopened by the Commission, insofar as the right of the public to travel upon it, and the duty of the defendant to anticipate travel upon it were concerned. Consequently, the rule stated in *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551, that a highway contractor owes a duty to exercise ordinary care for the safety of the public traveling over the road on which he is working, has no application.

In parking its equipment west of the barricade, the defendant was not obstructing a public highway, and its liability to one driving a motor vehicle into such equipment must rest upon the common law principles of negligence. There is no evidence in the record to show how long this equipment had been so parked. There is no evidence to show that, on any other night during the three weeks that this barricade had been in place, the barricade and warning signs along the highway approach to it were not well lighted. The plaintiff's evidence that there were no flares or other lights in front of the barricade, or in the vicinity of the warning signs along the highway as she approached the scene of the accident, is not sufficient to support an inference that this condition prevailed on other nights, or at the time the equipment was parked by the defendant, or at the time its employees left the construction site. There is no evidence whatever in the record to show that the defendant knew, or should have known, that the Highway Commission would not put or had

not put sufficient lights or other warnings in front of or upon the approaches to this barricade on the night in question. The plaintiff's evidence shows that the Highway Commission assumed this responsibility.

To park unlighted equipment 15 feet behind a barricade, which, itself, is properly lighted by flares or other signal devices and of the presence of which barricade due notice is given to approaching motorists by signs erected along the highway approach, is not actionable negligence. There could be no injury therefrom unless a motorist drove through the lighted barricade, which act the owner of the equipment is not required to foresee. Likewise, the defendant was not required to foresee that the Highway Commission would not, on this night, properly light the barricade and the warnings thereof erected along the highway, there being no evidence that it had ever failed to do so before. In *Weavil v. Myers*, 243 N.C. 386, 90 S.E. 2d 733, Parker, J., now C.J., said for the Court:

> "It is a well settled principle of law that a person is not bound to anticipate negligent acts or omissions on the part of others; but, in the absence of anything which gives, or should give notice to the contrary, he is entitled to assume and to act upon the assumption that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come to him only from the violation of duty or law by such other person."

Foreseeability of injury to another is an essential element of actionable negligence. *Allen v. Sharp*, 267 N.C. 99, 147 S.E. 2d 564; *Pinyan v. Settle*, 263 N.C. 578, 139 S.E. 2d 863. Since no injury to a motorist using the highway could result from the parking of the defendant's unlighted equipment 15 feet west of the barricade unless the motorist ran through the barricade, which, in turn, could not be foreseen unless the Highway Commission failed to perform its duty to give adequate warning of the presence of the barricade, which duty it had assumed, the plaintiff's evidence fails to show actionable negligence by the defendant in so parking its equipment, and the judgment of nonsuit was properly entered.

Affirmed.