ELOUISE WILLETTS CONNOR v. DEXTER ROBBINS, JR., AND DAVID
EARL ROBBINS.

(Filed 14 December, 1966.)

**1. Automobiles §§ 41i, 42e—**

Plaintiff's evidence to the effect that she blew her horn and turned to
the left side of the highway to pass two vehicles proceeding ahead of her
on the highway, and that as she had almost cleared the second vehicle
the driver thereof turned to his left, that she saw no left turn signal from
his car, and that the left front of his car struck the right rear of plain-
tiff's car, causing the injury in suit, *held* sufficient to be submitted to the
jury on the issue of negligence and not to show contributory negligence
on the part of plaintiff as a matter of law.

**2. Negligence § 26—**

Defendant's evidence may not be considered as a basis for nonsuit on
the ground of contributory negligence.

APPEAL by defendant, Dexter Robbins, Jr., from *McKinnon, J.,*
at the 25 April 1966 Session of BRUNSWICK.

At the close of her evidence, the plaintiff took a voluntary non-
suit as to the defendant David Earl Robbins.

The complaint alleges that the plaintiff sustained personal in-
juries as the result of a collision between an automobile driven by
her and one driven by Dexter Robbins. It alleges that as the plain-
tiff's vehicle was passing that of Robbins, he turned to the left,
across the center of the highway, and the left front of his vehicle
collided with the right rear of that driven by the plaintiff. The
plaintiff alleges that Robbins was negligent in that he failed to yield
the right of way to the plaintiff's vehicle; he turned from a direct
line without seeing that such movement could be made in safety
and without signal of his intention to do so; and he failed to keep
a proper lookout. These acts and omissions are alleged to have been
the proximate causes of the collision and of the resulting injuries to
the plaintiff.

The answer denies all allegations of negligence by the defendant
and alleges that the plaintiff was negligent in that she failed to keep
a proper lookout, drove at a speed greater than was reasonable under
the circumstances, attempted to pass the Robbins vehicle without
giving a signal or warning of her intent to do so and without ascer-
taining that it was safe to do so, and failed to heed the defendant's
signal for a left turn. These acts and omissions by her are alleged
to have been the sole proximate causes of the collision and, if not,
to have constituted contributory negligence by the plaintiff.

The jury answered the issues of negligence and contributory
negligence in favor of the plaintiff and awarded damages in the sum
of $5,000. Judgment was entered in accordance with the verdict.

Evidence offered by the plaintiff, other than that relating to the extent of her injuries, tended to show:

At about 2 p.m. on 2 May 1965, the plaintiff was proceeding south on Highway 17. Two other vehicles were in front of her, moving in the same direction, the defendant's automobile being the vehicle in front. The weather was good. The road was flat and straight. The defendant's car and the intermediate car were driving about 45 miles per hour. The plaintiff drove over to the left side of the road in order to pass, sounded her horn, and went on to pass the other two vehicles at a speed between 50 and 55 miles per hour. She saw no turn signal of any sort from the defendant's vehicle. When she had almost cleared the defendant's car, he turned to his left and the left front of his car struck the right rear of the plaintiff's car, causing it to leave the road and collide with two other vehicles parked in a yard adjoining the highway. As a result of the collision, the plaintiff sustained certain injuries. Prior to turning out to pass, she had been driving about one and one-half car lengths behind the intermediate vehicle. She blew her horn as she pulled out to pass. The distance between the intermediate car and the Robbins car was too small for her to cut back in between them.

The defendant's evidence tended to show:

Prior to the accident he was driving 45 miles per hour, and the intermediate vehicle was approximately 50 feet behind him. As he approached a service station, he turned on his left turn signal and looked in his rear view mirror. He saw the intermediate car but not the plaintiff's car. He turned to his left and went off on the shoulder of the road to his left. Thereafter, the plaintiff came up upon his left side and struck him. He heard no horn blow. His electric turn signal was "clicking" for 250 feet before he began his turn.

*Marshall & Williams for defendant appellant.*
*Herring, Walton, Parker & Powell for plaintiff appellee.*

PER CURIAM. There was no error in overruling the motion by the defendant for judgment of nonsuit. The plaintiff's evidence, which the jury believed, was sufficient to establish the cause of action alleged in her complaint. Conflicts between her evidence and that of the defendant were for the jury to determine. The plaintiff's evidence, considered alone, does not show contributory negligence by her. The defendant's evidence may not be considered as a basis for judgment of nonsuit on the ground of contributory negligence. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360.

We have carefully considered the exceptions by the defendant to the charge of the court to the jury and find no error therein.

No error.