HENRY LEWIS JACKSON, BY HIS NEXT FRIEND, JAMES ADAM JACKSON, v. FRANK McBRIDE.

(Filed 24 May, 1967.)

**1. Negligence § 24d—**

In an action to recover for negligence, plaintiff has the burden of proving each essential element of his cause of action substantially as alleged in his complaint, and may not recover by proving that he sustained injuries by negligent conduct of defendant not alleged if the difference between his allegations and his proof is so substantial as to constitute a material variance.

**2. Negligence § 11—**

Contributory negligence is negligence on the part of the plaintiff which concurs with the negligence of the defendant as alleged in the complaint; and contributory negligence does not negate negligence as alleged in the complaint but presupposes the existence of such negligence.

**3. Negligence § 20—**

Contributory negligence must be alleged in the answer.

**4. Automobiles § 35—**

Plaintiff's allegations were to the effect that he was struck by the car driven by defendant as he was standing on the shoulder of the road on defendant's left side of the highway. Defendant alleged in the answer that plaintiff was lying motionless on the hard surface and that defendant, suddenly confronted with the emergency, was unable to avoid striking plaintiff. *Held:* The answer does not allege contributory negligence, since it does not allege any negligence on the part of plaintiff concurring with

the negligence of defendant as alleged in the complaint, and refusal to submit the issue of contributory negligence was not error.

**5. Automobiles § 41—**

   Plaintiff's evidence to the effect that he was struck by the car driven by defendant as he was standing on the shoulder of the road on defendant's left side of the highway is sufficient to be submitted to the jury on the question of defendant's negligence. Nor does plaintiff's further testimony that he had "flagged" defendant down for a ride and momentarily looked away while defendant's car was angling over toward him compel nonsuit, since it does not compel the conclusion that plaintiff's failure to continue to watch the car contributed to his own injury. Further, in this case, such act was not alleged as contributory negligence in the answer.

**6. Automobiles § 46;     Negligence § 28—**

   An instruction to the effect that if plaintiff had satisfied the jury by the greater weight of the evidence that he was struck by the car driven by defendant as he was standing on the shoulder of the road on defendant's left side of the highway to answer the issue of negligence in the affirmative, without any instruction or explanation of the meaning of negligence or proximate cause, does not satisfy the requirements of G.S. 1-180.

APPEAL by defendant from *Brock, S.J.,* at the December 1966 Civil Session of RICHMOND.

The plaintiff was struck and seriously injured by the left rear fender of an automobile owned and driven by the defendant while the plaintiff was either standing on the shoulder of a rural paved road or was lying on the pavement in the defendant's lane of travel at 1 a.m.

The jury found the plaintiff was injured by the negligence of the defendant as alleged in the complaint and awarded damages. From a judgment on the verdict, the defendant appeals, assigning as error the denial of his motion for judgment of nonsuit, the refusal of the court to submit an issue of contributory negligence and certain alleged deficiencies in the charge.

The complaint alleges that at 1 a.m. on 5 September 1964 the plaintiff was standing on the west shoulder of Rural Paved Road No. 1155, that the defendant, driving northward, drove his automobile off the pavement and struck plaintiff. It alleges that the defendant was negligent in that he failed to keep a proper lookout, drove onto the shoulder of the road without keeping his car under proper control, and drove at a high rate of speed.

The answer denied each of the above allegations of the complaint. As a further answer, the defendant alleged that as he drove northward, he saw a dark object lying on the unlighted, black-topped highway directly in his (east) lane of travel, which object turned out to be the plaintiff, and that he was unable to avoid a collision between his left rear fender and the plaintiff. He alleges that the

plaintiff was negligent in that he lay down in the nighttime directly in the travel lane of a dark highway, failed to keep a proper lookout, and failed to remove himself from such position when he saw, or should have seen, an automobile was approaching. He alleges these acts and omissions of the plaintiff were the sole proximate cause of his injuries or were contributory negligence.

The evidence introduced by the plaintiff, interpreted in the light most favorable to him, in addition to that relating to the extent of his injuries, tends to show:

The night was clear and moonless. The highway was straight and level for half a mile on either side of the point of impact. The black-topped pavement was 18 feet wide. Each dirt shoulder was 8 feet wide. The speed limit was 55 miles per hour. The point of impact was at the entrance to a driveway leading to the residence of Lillie Mae Little on the west side of the road. There was no light in the yard and no other residence nearby. The only damage to the automobile was to the left rear fender skirt which was bent slightly.

Neither party was intoxicated. Both had attended a party at the home of their mutual friends. The plaintiff, 19 years old, accompanied by several relatives, left the party at 12:45 a.m. They drove to the home of Lillie Mae Little, arriving there about 12:55 a.m. and parked well up into her yard. Intending to remain just a few minutes, all went into the house. Thereupon, without comment, the plaintiff walked out of the house alone. His relatives soon followed. They did not observe him until the headlights of the defendant's automobile, approaching from the south, disclosed him lying on the pavement of the road in front of the house. They rushed out and flagged down the car. It stopped and did not at that time strike the plaintiff. His relatives then discovered that he had been injured and was bleeding profusely about the head. The blood upon the pavement was not in the center of the road, there being enough room on the east side of the road for a car to pass. His legs, below the knees, were on the west shoulder. The remainder of his body was on the pavement, with his head toward the east.

When the plaintiff left the Little house he walked out to the highway. He saw an automobile approaching from the south 500 feet away. By "the run of the car" he knew it was the defendant's. He was standing on the west shoulder, two feet from the pavement. He decided to stop the car and ask for a ride. He threw up his hand. The car was then about in the center of the road, traveling 20 to 25 miles per hour. It pulled over toward the plaintiff and he looked back toward the house. When he again turned toward the car it was very close. He tried to run but fell and was struck by the left rear

fender, the car being between him and the pavement. He never got on the pavement before he was struck.

The evidence introduced by the defendant, interpreted in the light most favorable to him, tends to show:

He is 30 years old and, with five other men in his car, was driving north, in his right lane, at 45 to 50 miles per hour, the lights being on the high beam. When two car lengths away, he saw something lying in the middle of the road, the head being in the defendant's (east) lane of travel. He applied his brakes and turned to the right. The right portion of his car went off on the east shoulder but he was unable to avoid striking the object lying in the road. He stopped but did not back up because he had no back-up lights on his car. He drove on north until he reached a place where he could turn around. Traveling back in a southerly direction to the point of impact, he saw he had struck a person. He continued on south for a bit, turned around again and was once more approaching the point of impact, headed northward, when he was stopped by the people who had come out of the house.

At no time did he see the plaintiff standing on the west shoulder. When he first saw him, the plaintiff was lying in the road with his head on the defendant's right of the center, dressed in dark clothing. The defendant's companions, two being on the front seat, did not see the plaintiff until after he had been struck and the car returned to the point of impact on its southbound run. They felt the bump. When these observers saw the plaintiff lying in the road, after the impact, his head was east of the center of the pavement and there was blood in the center of the road.

The trial judge refused to submit the issue of contributory negligence, duly tendered by the defendant. On the issue of negligence, he instructed the jury that the burden was upon the plaintiff to satisfy them by the greater weight of the evidence that the plaintiff "was injured by the negligence of the defendant, Frank McBride, *as alleged in the complaint.*" (Emphasis added.) The court also instructed the jury:

"So, upon this first issue, or first question, if the plaintiff, Henry Jackson, has satisfied you by the greater weight of the evidence that at the time and place in question he was standing some distance on the shoulder from the west edge of the road, that the defendant traveling north along the road ran off of the defendant's left side of the road and hit the plaintiff and injured him, then it would be your duty to answer this first question in the plaintiff's favor, and you would answer it YES. * * * If, on the other hand, the plaintiff has failed to satisfy you by the

greater weight of the evidence that the accident occurred in that manner, approximately, then he would have failed in carrying his burden of proof and you would give the defendant the benefit of that and you would answer the first question No. *Also,* if you are satisfied from all of the evidence in the case that as the defendant drove along this road that the plaintiff was lying in the road and that the defendant struck him while he was lying in the road, then it would be your duty to answer the first issue against the plaintiff, and you would answer it No. *That 'would be a finding by you that the plaintiff was not injured. by the negligence of the defendant, as alleged in the complaint, but by plaintiff's own negligence."* (Emphasis added.)

*Leath, Bynum, Blount & Hinson for defendant appellant.*
*Webb, Lee & Davis for plaintiff appellee.*

LAKE, J.   The cause of action alleged in the complaint is for the recovery of damages on account of injuries proximately caused by the negligence of the defendant in driving his automobile at an unlawful speed, without keeping a proper lookout, onto the west or left shoulder of the road where the plaintiff was standing, so that it struck him as he stood there. The first issue submitted to the jury was, "Was the plaintiff, Henry Jackson, injured by the negligence of the defendant, Frank McBride, *as alleged in the complaint?"* This was proper. (Emphasis added.)

To recover in this action, the plaintiff must carry the burden of proving each essential element of the cause of action which he has alleged, substantially as set forth in the complaint. He cannot recover in this action by proving he sustained injuries by other negligent conduct of the defendant if the difference between his allegations and his proof is so substantial as to constitute a material variance. *Moore v. Hales,* 266 N.C. 482, 146 S.E. 2d 385; *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654; *Deligny v. Furniture Co.,* 170 N.C. 189, 86 S.E. 980; *McCoy v. R. R.,* 142 N.C. 383, 55 S.E. 270. "If the plaintiff is to succeed at all, he must do so on the case set up in his complaint." *Carswell v. Lackey,* 253 N.C. 387, 117 S.E. 2d 51. In *Talley v. Granite Quarries Co.,* 174 N.C. 445, 93 S.E. 995, Walker, J., speaking for the Court, said:

"When the proof materially departs from the allegation, there can be no recovery without an amendment. * * * When the difference between the allegation of the pleading and the proof is substantial, so that the other party is grossly misled by it, and it really amounts to alleging one cause of action and proving another, it is not a variance merely, but a failure of proof."

Contributory negligence, as its name implies, is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains. It does not negate negligence of the defendant as alleged in the complaint, but presupposes or concedes such negligence by him. Contributory negligence by the plaintiff "can exist only as a co-ordinate or counterpart" of negligence by the defendant as alleged in the complaint. *Martin v. Manufacturing Co.*, 128 N.C. 264, 38 S.E. 876. See also: *Rouse v. Peterson*, 261 N.C. 600, 135 S.E. 2d 549; *Adams v. Board of Education*, 248 N.C. 506, 103 S.E. 2d 854; *Garrenton v. Maryland*, 243 N.C. 614, 91 S.E. 2d 596; *Darden v. Leemaster*, 238 N.C. 573, 78 S.E. 2d 448; *Ogle v. Gibson*, 214 N.C. 127, 198 S.E. 598; *Ballew v. R. R.*, 186 N.C. 704, 120 S.E. 334; *Davis v. Jeffreys*, 197 N.C. 712, 150 S.E. 488; *Elder v. R. R.*, 194 N.C. 617, 140 S.E. 298; 38 Am. Jur., Negligence, § 177.

In *Darden v. Leemaster, supra,* Parker, J., now C.J., said, "Where there is no plea of contributory negligence, the submission to the jury of an issue of contributory negligence is not proper," and also said, "The allegation in an answer that the death of the intestate was caused by his own negligence and not by any negligence of the defendant is not a sufficient plea" of contributory negligence. For the same reason, evidence by the defendant to the effect that the plaintiff was injured not by the negligence of the defendant, *as alleged in the complaint,* but by the plaintiff's own negligence, *as alleged in the answer,* would not justify the submission to the jury of an issue of contributory negligence.

Of course, if the plaintiff, whether intoxicated or sober, dressed in dark clothing, voluntarily lay down at 1 a.m. on a moonless night across the center line of a black-topped, unlighted rural road and remained motionless until struck by a passing automobile, he was negligent and could not recover damages for injuries thereby sustained in the absence of allegations and proof not present in this case. The learned trial judge plainly so instructed the jury.

It does not necessarily follow that allegation and proof of such conduct is allegation and proof of contributory negligence requiring submission of that issue. It does not if it negates the plaintiff's contention that he was injured by the negligence of the defendant, *as alleged in the complaint.* If so, it relates to the first issue only and does not require or permit the submission of an issue of contributory negligence.

The plaintiff alleged, and all of his evidence is to the effect, that he was standing on the dirt shoulder on the defendant's left side of the road and that the defendant drove off of the pavement, onto the

left shoulder and ran into the plaintiff. The defendant has alleged, and all of his evidence tends to show, that he was driving on his right side of the road and, upon being confronted suddenly with the plaintiff lying in the middle of the pavement, cut to his right but was unable to avoid striking the plaintiff. Thus, the defendant has not alleged or offered evidence of negligence by the plaintiff which, in conjunction with any negligent act or omission of the defendant, *alleged in the complaint,* contributed to the plaintiff's injury. The defendant's pleading and proof, therefore, does not allege or show contributory negligence on the part of the plaintiff. The two parties have alleged and offered evidence to prove two entirely different accidents. If the plaintiff was injured as he alleged and testified, he could not have been guilty of the negligent acts and omissions alleged in the answer. If, on the other hand, the plaintiff was lying on the pavement, as alleged in the answer, he could not have been injured by the negligence of the defendant, *as alleged in the complaint.*

The determinative question for the jury was, which of these alleged accidents actually occurred? They determined that the one alleged and described by the plaintiff is the one which took place. The controversy was fully presented for their decision by the first issue, "Was the plaintiff, Henry Jackson, injured by the negligence of the defendant, Frank McBride, as alleged in the complaint?" The court expressly and clearly instructed the jury to answer this issue "No" if the plaintiff had failed to satisfy them by the greater weight of the evidence that the accident occurred as he alleged and testified. Again, they were instructed to answer this issue "No" if they were satisfied from all of the evidence that the accident occurred as the defendant alleged and testified. There was no occasion for the submission of an issue of contributory negligence and there was no error in the court's refusal to do so.

The motion for judgment of nonsuit was properly overruled. The plaintiff's evidence, taken to be true, as it must be upon such a motion, was sufficient to support a finding that he was injured by the negligence of the defendant, *as alleged in the complaint.* Obviously, a judgment of nonsuit may not be entered on the basis of the defendant's evidence to the contrary. While the plaintiff's own testimony would support a finding that when he knew, or should have known, the defendant's car was angling over toward him, in response to his signal, he turned his head and looked back to the house while remaining in the new path of the car, it does not compel the conclusion that such failure to watch the car contributed to his injury. Furthermore, this is not among the acts *alleged by the answer* as contributory negligence. For both of these reasons, such failure to

watch the approach of the car would not justify a judgment of non-suit. *Douglas v. Mallison,* 265 N.C. 362, 144 S.E. 2d 138.

G.S. 1-180 requires the trial judge to "declare and explain the law arising on the evidence given in the case." The defendant assigns as error the failure of the court below to do so in that the charge does not contain any definition or explanation of "negligence" or of "proximate cause."

The court properly instructed the jury that the burden of proof was upon the plaintiff on both the issues submitted and correctly defined the terms, "burden of proof" and "greater weight of the evidence." There was no other reference to or statement or explanation of any principle or rule of law applicable to the determination of the first issue, and no definition of or explanation of the terms "negligence" and "proximate cause" except the paragraph quoted in the above statement of facts, the only omission in that quotation being this sentence:

> "If the plaintiff has satisfied you by the greater weight of the evidence that that is what transpired, then I instruct you that would constitute negligence on the part of the defendant, and it would constitute the proximate cause, or one of the proximate causes of the accident, and you would answer the first question YES."

Obviously, this is a peremptory instruction to answer the issue in favor of the plaintiff if the jury should find by the greater weight of the evidence that the defendant drove onto the shoulder to his left, whether to stop and pick up the plaintiff or otherwise, and there struck the plaintiff, whether he saw or should have seen the plaintiff or not. Such an instruction, with no explanation whatever of the meaning of negligence or of proximate cause, does not satisfy the requirement of G.S. 1-180 and for this error there must be a

New trial.