CORINA B. BOGLE, ADMINISTRATRIX OF THE ESTATE OF ROY D. BOGLE, JR., DECEASED v. DUKE POWER COMPANY, A CORPORATION

No. 7525SC505

(Filed 5 November 1975)

1. **Death § 3; Negligence § 29— wrongful death action based on negligence — requisites for summary judgment**

    In an action for wrongful death predicated on negligence, summary judgment for defendant is correct where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of decedent, or determines that the alleged negligent conduct complained of was not the proximate cause of the injury.

2. **Negligence § 1— definition — proximate cause — foreseeability**

    Negligence is the failure to exercise that degree of care for the safety of others that a reasonably prudent person would exercise under the same circumstances, but to be actionable the conduct complained of must be the proximate cause of the injury; an essential element of causation is foreseeability, that which a person of ordinary prudence would reasonably have foreseen as the probable consequence of his acts.

3. **Electricity § 5— power lines — duty of electric companies**

    Electric companies are required to exercise reasonable care in the construction and maintenance of their lines when positioned where they are likely to come in contact with the public.

4. **Electricity § 5— position and condition of power lines — reasonable care exercised**

    Where defendant insulated its transmission line by height and isolation in accordance with existing regulations and equipped its poles and

Bogle v. Power Co.

lines with fuses and circuit breakers designed to alleviate the risk of an uncontrolled discharge of electricity, defendant exercised reasonable care in the operation of its transmission lines with which plaintiff's intestate came in contact and was not in breach of any duty of care toward plaintiff's intestate.

5. **Electricity § 5; Negligence § 9— power line near school — foreseeability of injury — presence of line not proximate cause**

Defendant's conduct in allowing a transmission line to remain near a school where plaintiff contends defendant knew or should have known it posed a hazard to maintenance personnel was not the proximate cause of death to plaintiff's intestate.

6. **Electricity § 8; Negligence § 35— electrocution when ladder hit power line — contributory negligence as matter of law**

The trial court in a wrongful death action properly granted defendant's motion for summary judgment where the evidence tended to show that plaintiff's intestate was contributorily negligent in attempting by himself to remove a metal ladder from a building after being warned of the proximity of a power line and in attempting to remove the ladder from the line.

Judge PARKER concurring.

APPEAL by plaintiff from *Ferrell, Judge*. Judgment entered 20 March 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 25 September 1975.

This is an action for wrongful death instituted by Corina B. Bogle, administratrix of the estate of her son, Roy D. Bogle, Jr.

Plaintiff's complaint is summarized in pertinent part as follows:

On 17 May 1971 defendant, through transmission lines which it maintained, transmitted electric power to the Glen Alpine Grammar School in Glen Alpine, N. C., as well as to other communities in the surrounding area, and was well acquainted with the dangers incident to the transmission of electric energy. Defendant failed to exercise due care toward plaintiff's intestate by continuing to utilize transmission lines situated in such proximity to said school that it knew, or should have known, presented a hazard to maintenance men working in and around the school building; in failing to adequately insulate, inspect, repair and maintain said transmission lines; and in failing to provide warning signs alerting the public to the presence of a dangerous electrical hazard. The death of plaintiff's intestate was the direct and proximate result of negligent acts and omissions of defendant.

In its answer, defendant denied any negligence and pled the negligence of plaintiff's intestate as a proximate cause of the accident.

Extensive discovery was utilized by both parties. This included answers to interrogatories, depositions from E. D. Wortman, manager of defendant's operations in the Morganton area, Frank Corpening, the line foreman under whose supervision damage to the transmission line was repaired, as well as the affidavit of George M. Mode, the carpenter who plaintiff's intestate was employed to assist.

Defendant moved for summary judgment and materials submitted at the hearing established the following:

On 17 May 1971 plaintiff's intestate and Mode, employees of the Burke County Public School System, were called to the Glen Alpine Grammar School to check for leaks in the roof and to clean out some guttering. In the course of their work, they used a twenty-eight foot aluminum extension ladder to gain access to the roof. When they had finished clearing the gutters, intestate started to take down the ladder. Mode told intestate to wait until he could help and warned intestate about defendant's transmission line. The line was located some twenty-one feet from the building, suspended from a pole at a height of twenty-two feet, and had been so situated since before the line's acquition from another power company some thirty-five years earlier. Weather stripping on the line had become cracked and peeled away, leaving the copper line exposed.

Intestate ignored Mode's warnings and tried to take the ladder down by himself. As he pulled the ladder away from the building it fell against the transmission line, showering the area with sparks. Intestate then attempted to push the ladder off the wire; the ladder momentarily broke contact with the ground, causing the full charge of 7200 volts to pass through intestate's body. The line burned through where it came in contact with the ladder and snapped, throwing intestate to the ground. Despite efforts to revive him, he was pronounced dead shortly thereafter.

Defendant's motion for summary judgment was granted and plaintiff appeals.

*Kenneth D. Thomas for plaintiff appellant.*

*Patton, Starnes, Thompson & Daniel, P.A., by Thomas M. Starnes, for defendant appellee.*

BRITT, Judge.

We hold that the trial court properly granted defendant's motion for summary judgment.

[1] Under G.S. 1A-1, Rule 56, summary judgment is proper where there exists no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972), *rehearing denied,* 281 N.C. 516 (1972) ; *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). In an action for wrongful death predicated on negligence, summary judgment for defendant is correct where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of the decedent, or determines that the alleged negligent conduct complained of was not the proximate cause of the injury. *See,* Comment, Summary Judgment: A Comparison of Its Application By North Carolina and Federal Courts in Negligence Actions, 9 Wake Forest L. Rev. 523 (1973).

[2] Negligence is the failure to exercise that degree of care for the safety of others that a reasonable prudent person would exercise under the same circumstances. *Godwin v. Nixon,* 236 N.C. 632, 74 S.E. 2d 24 (1953). To be actionable the conduct complained of must be the proximate cause of the injury. *Meyer v. McCarley and Co., Inc.,* 288 N.C. 62, 215 S.E. 2d 583 (1975) ; *McNair v. Boyette,* 282 N.C. 230, 192 S.E. 2d 457 (1972). An essential element of causation is foreseeability, that which a person of ordinary prudence would reasonably have foreseen as the probable consequence of his acts. A person is not required to foresee all results but only those consequences which are reasonable. *Luther v. Asheville Contracting Co.,* 268 N.C. 636, 151 S.E. 2d 649 (1966).

[3, 4] Electric companies are required to exercise reasonable care in the construction and maintenance of their lines when positioned where they are likely to come in contact with the public. *Ellis v. Power & Light Co.,* 193 N.C. 357, 137 S.E. 163 (1927). Here, defendant insulated its transmission line by height and isolation in accordance with existing regulations. *See,* Rule R8-26, North Carolina Utilities Commission, incorporating by

reference the National Electrical Safety Code. It equipped its poles and lines with fuses and circuit breakers designed to alleviate the risk of an uncontrolled discharge of electricity. We hold that defendant exercised reasonable care in the operation of its transmission lines near the Glen Alpine Grammar School and was not in breach of any duty of care toward plaintiff's intestate.

[5] Defendant's conduct in allowing the line to remain near the school where plaintiff contends defendant knew or should have known it posed a hazard to maintenance personnel, was not the proximate cause of death to plaintiff's intestate. The law requires only the exercise of reasonable care to provide for those eventualities which a reasonable prudent person would have foreseen under the circumstances. *McNair v. Boyette, supra, Deese v. Light Co.,* 234 N.C. 558, 67 S.E. 2d 751 (1951). It would have been beyond the parameters of reasonable foreseeability to require defendant to construct and insulate its transmission line so as to withstand the impact of a heavy metal extension ladder. It is unreasonable to call on the defendant to foresee that plaintiff's intestate would ignore the warning of his supervisor and cause a metal ladder to fall against the line, setting in motion a series of events resulting in his death.

[6] Furthermore, we think summary judgment was proper because of intestate's contributory negligence. The materials presented at the hearing established that intestate, in attempting by himself to remove the ladder from the building after being warned of the power line, and attempting to remove the ladder from the line, failed to use ordinary care for his own safety and that such want of due care was at least one of the proximate causes of his death. *Jackson v. McBride,* 270 N.C. 367, 154 S.E. 2d 468 (1967) ; *Gibbs v. Carolina Power & Light Co.,* 268 N.C. 186, 150 S.E. 2d 207 (1966). "The law imposes upon a person *sui juris* the duty to use ordinary care to protect himself from injury, and the degree of such care should be commensurate with the danger to be avoided." *Rosser v. Smith,* 260 N.C. 647, 653, 133 S.E. 2d 499, 503 (1963).

For the reasons stated, the judgment allowing defendant's motion for summary judgment and dismissing plaintiff's action is

Affirmed.

Judges PARKER and CLARK concur.

Judge PARKER concurring:

I agree that summary judgment for defendant was proper and vote to affirm. There was no genuine issue as to the material facts relevant to the issue of negligence on the part of defendant and on those facts there was simply no showing that defendant was in any way negligent. I would affirm for that reason without reaching the issue of contributory negligence. As to that issue, the only evidence to show the conduct of plaintiff's intestate immediately prior to his death was that contained in the affidavit of Mode. That affidavit was presented by the defendant as an attachment to its motion for summary judgment. Since the burden of proof on the issue of contributory negligence was on the defendant, I do not believe that summary judgment for defendant on that issue would be proper where, as here, the credibility of defendant's witness is involved. A defendant's evidence may not be considered as a basis for granting a directed verdict in his favor on the ground of plaintiff's contributory negligence. *Connor v. Robbins,* 268 N.C. 709, 151 S.E. 2d 573 (1966) ; *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360 (1960). I see no reason why the same principle should not apply when passing upon a defendant's motion for summary judgment made upon the same ground.