BLANCHE BROOKS v. FLORENCE I. FRANCIS AND LAWRENCE BROTHERS COMPANY, (INC.)

No. 8110SC624

(Filed 1 June 1982)

**Landlord and Tenant §§ 8.2, 8.3— injury to tenant—negligent failure to repair— contributory negligence by tenant**

In an action to recover for injuries suffered by plaintiff tenant when the rear steps of the leased premises collapsed, plaintiff's forecast of evidence was sufficient to show negligence by defendants, the landlord and her managing agent, in permitting defective steps to remain on the premises when they knew, or in the exercise of ordinary care should have known, that the steps were in disrepair. However, plaintiff's forecast of evidence also showed that she was contributorily negligent as a matter of law in using the rear steps where it tended to show that plaintiff had lived at the leased premises for some eight years; plaintiff was 67 years old and had trouble walking; plaintiff knew of the condition of the steps, considered them dangerous, and made numerous complaints about them; plaintiff was injured when she left her house by the back door to hang clothes; and plaintiff knew that she could walk to the rear yard by using the front steps and that this alternate route was completely safe.

APPEAL by plaintiff from *Bailey, Judge.* Judgment pronounced 17 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 10 February 1982.

Plaintiff alleged that for many months prior to 9 June 1978 she had been a tenant at 305 South Swain Street in Raleigh. Defendant Francis was the owner of the rental house, but the property was managed by defendant, Lawrence Brothers Company. Plaintiff alleged that on 9 June 1978, she was injured when she went out the back door of the residence on Swain Street and used the rear steps, which collapsed. Plaintiff had lodged several complaints with defendant Lawrence Brothers Company regarding the dangerous condition of the steps. Although Lawrence Brothers Company had painted the steps, it failed to make any substantial repairs. The complaint alleged that "[t]he Plaintiff due solely to the failure and neglect of the Defendant Lawrence Brothers, imputed to the Defendant Francis, to properly repair said rear steps and keep same in a safe condition, after complaint, as required by law, including N.C.G.S. 42-42, did cause the Plaintiff to fall and from which fall she received severe and permanent injuries. . . ." Plaintiff sought $25,000 in damages. Defendants filed an answer denying the breach of any duty to repair the steps and keep them in a safe condition, and asserting plaintiff's contributory negligence.

Both defendants moved for summary judgment. Plaintiff moved for summary judgment against defendants on all issues except the amount of damages.

Plaintiff, 67, testified by deposition that she had lived at 305 South Swain Street for nearly eight years. She had trouble walking and used a cane. She testified that the steps had been shaking for some time and that she had notified Lawrence Brothers Company of their condition on several occasions.

The house had a set of steps in the front, as well. The front steps were made of cement and were not dangerous. Plaintiff testified that she left her house by the back to hang clothes on the day she was injured, admitting that she could have used the front steps and gone around the side of the house to reach the backyard.

Evidence adduced by affidavits of the parties tended to show that the back stairs were repaired in the spring of 1977. John C.

Lawrence, President of defendant Lawrence Brothers Company, averred that the Company made necessary repairs to the back porch and steps, inspected the steps and found them to be in good condition. Plaintiff made no further complaint to Lawrence Brothers Company until after she fell, and defendant Lawrence Brothers Company was not aware of any defects in the steps at the time of plaintiff's fall. Plaintiff stated by her affidavit that following the repairs, the steps again became unsteady. She complained to an employee of Lawrence Brothers Company every time she paid the rent, but no repairs were made until after her fall. Defendant Francis, by affidavit, denied having received any notice of defective conditions on the property prior to 9 June 1978.

Plaintiff appeals from a grant of summary judgment in favor of defendants and denial of her motion for partial summary judgment.

*Vaughan S. Winborne for plaintiff appellant.*

*Lassiter and Walker, by James H. Walker, for defendant appellee Florence I. Francis.*

*Johnson, Patterson, Dilthey and Clay, by Dan M. Hartzog, for defendant appellee, Lawrence Brothers Company, Inc.*

MORRIS, Chief Judge.

Defendants argue, citing the common law, that summary judgment was appropriate in that they owed no duty to repair or warn plaintiff of the defective condition of the steps, and alternatively, that plaintiff was contributorily negligent as a matter of law by using the rear stairs, which she knew to be dangerous. We hold that defendants did indeed bear a duty to repair, but that plaintiff was contributorily negligent as a matter of law, barring recovery.

The rule of caveat emptor has been commonly applied by the courts of this state in the landlord tenant context. Until recently landlords have had no duty to make repairs, and have not been held liable for personal injury caused by failure to repair. *Robinson v. Thomas,* 244 N.C. 732, 94 S.E. 2d 911 (1956); *Fields v. Ogburn,* 178 N.C. 407, 100 S.E. 583 (1919). The passage of the Residential Rental Agreements Act, G.S. 42-38 to 44, created a

new standard of care owed by landlord to tenant in North Carolina, however.

§ 42-42. *Landlord to provide fit premises.* — (a) The landlord shall:

. . .

(2) Make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition;

. . .

§ 42-44. *General remedies and limitations.* — (a) Any right or obligation declared by this Chapter is enforceable by civil action, in addition to other remedies of law and in equity.

. . .

(d) A violation of this Article shall not constitute negligence per se.

The common law precedent cited by defendants for the proposition that a landlord is under no duty to keep rented premises in repair in the absence of an agreement relating to repairs is, because of the Act, inapposite. We have said that, "[b]y providing that a violation of statute does not constitute negligence per se, the General Assembly left intact established common law standards of ordinary and reasonable care . . . (Citations omitted.)" *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 119-20, 284 S.E. 2d 702, 705 (1981). A violation of the duty to maintain the premises in a fit and habitable condition is, therefore, evidence of negligence. See *O'Neal v. Kellett*, 55 N.C. App. 225, 284 S.E. 2d 707 (1981). We do not find those cases concerning duty to warn and negligent repair cited by defendants pertinent to the matter at hand, as G.S. 42-42(a)(2) imposes not a duty to warn, but to correct unfit conditions, see *Lenz v. Ridgewood Associates*, supra, and because repair of the rear steps negligently done was not alleged by plaintiff.

Applying ordinary rules of negligence, the evidence before the Court tends to show that defendants allowed the defective steps to remain on the premises, and that the steps created an unsafe structural defect and failed to provide the service and protection for which they were intended. It may also be gleaned from

the evidence that defendant Francis and her agent Lawrence Brothers Company knew, or in the exercise of ordinary care should have known, that the steps were in disrepair, but failed to exercise ordinary care to correct the unsafe condition.

Plaintiff's evidence, however, taken in the light most favorable to her, runs counter to the conclusion that defendants' conduct was the sole proximate cause of plaintiff's injury. Although issues of negligence, and contributory negligence, are rarely appropriate for summary judgment, *Ballenger v. Crowell,* 38 N.C. App. 50, 247 S.E. 2d 287 (1978), the uncontroverted evidence in this case indicates that plaintiff "failed to use ordinary care . . . and that want of due care was at least one of the approximate causes" of her fall. *Bogle v. Power Co.,* 27 N.C. App. 318, 322, 219 S.E. 2d 308, 311 (1975), *cert. denied,* 289 N.C. 296, 222 S.E. 2d 695 (1976). Her use of the steps rendered her contributorily negligent as a matter of law, making summary judgment in favor of defendants proper. Plaintiff lived at 305 South Swain Street for eight years. She had trouble walking. She knew of the condition of the steps, considered them dangerous, and made numerous complaints. Furthermore, she knew that she could walk to the rear yard by using the front steps, and that this alternate route was completely safe. Compare *Lenz v. Ridgewood Associates,* supra; *O'Neal v. Kellett,* supra.

> No inflexible rule can be laid down as to what constitutes contributory negligence as a matter of law, as each case must be decided on its merits. Plaintiff by her own evidence has proven herself out of court on the ground of contributory negligence.

*Wallsee v. Carolina Water Company and Town of Morehead City,* 265 N.C. 291, 298, 144 S.E. 2d 21, 26 (1965).

Plaintiff's evidence shows that her own negligence was a proximate cause of the mishap on the rear steps. Defendants' motions for summary judgment were properly allowed. Our decision renders it unnecessary to rule on the denial of plaintiff's motion for partial summary judgment.

The judgment of the trial court is

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.