### 75395. DONNELLY et al. v. WEYANT.
(368 SE2d 331)

BENHAM, Judge.

Appellee Weyant, a Georgia resident, was injured when he fell from a walkway at the North Carolina beach house owned by appellants Donnelly, also residents of Georgia. Appellee filed suit and, in the ensuing trial, a jury returned a verdict in favor of appellee in the amount of $32,100. Appellants filed this appeal from the judgment entered on that jury verdict.

While spending a one-week vacation at the beach house that had been rented by a member of appellee's family from appellants through a real estate company, appellee fell from the walkway that extended from the house to the beach when the railing upon which he was leaning broke away from the walkway. Appellee suffered a dislocated shoulder and two fractured ribs from the ten-foot fall.

1. Included in the trial court's instructions to the jury was a charge based upon the North Carolina Residential Rental Agreements Act (NCGS § 42-38 et seq.) Appellants contend reversible error was committed in giving the charge because the Act is not applicable to the facts of the case.

By its own terms, the Act is not applicable to "transient occupancy in a hotel, motel, or similar lodging subject to regulation by the Commission for Health Services" or to "any dwelling furnished without charge or rent." NCGS § 42-39. Exempted from regulation by the Commission for Health Services are "facilities which provide food or lodging to regular boarders or permanent house guests. . . ." NCGS § 130A-2 (1); 130A-250 (i). A "permanent house guest" is one "who receives room or board for periods of a week or longer . . . [and] includes visitors of the permanent house guest." NCGS § 130A-247 (1). Appellee, who was staying at the beach house for one week, was a permanent house guest or the visitor of a permanent house guest; therefore, the facility at which he was lodging was not subject to regulation by the Commission for Health Services. In the absence of regulation by that entity, the beach house was not excluded by statute from coverage of the terms of the Act. NCGS § 42-39.

The jury was charged with the precepts of NCGS § 42-42 (a) (2, 3) which provide that "[t]he landlord shall: . . . [m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition; [and] [k]eep all common areas of the premises in a safe condition." "Premises" is statutorily defined as "a dwelling unit . . . and the structure of which it is a part and . . . grounds, areas, and facilities normally held out for the use of residential tenants who are using the dwelling unit as their primary residence." NCGS § 42-40 (2). Appellants maintain that the Act was not applicable to the case at bar because the beach house rented by appellee's family was not appellee's "primary residence." We agree. The uncontroverted evidence was that appellee was vacationing for one week at the beach house and returned to his primary residence in the Atlanta area after sustaining his injury. Since the beach house was not appellee's primary residence, it was error to charge the jury on the landlord's duty of care contained in the North Carolina Residential Rental Agreements Act. The inclusion of the instruction on NCGS § 42-42 (a) (2, 3) was harmful error since, due to the inapplicability of the Act, the case is controlled by the common law principle that a landlord is under no duty to keep rented premises in repair in the absence of an agreement relating to repairs. See *Brooks v. Francis*, 291 SE2d 889, 891 (N.C. App. 1982).

2. In light of our holding in Division 1 of this opinion, the remaining enumerations of error need not be addressed.

*Judgment reversed. Banke, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*William H. Major III, Thomas Q. Langstaff*, for appellants.
*Richard W. Wilson, Jr., Shawn D. Stafford*, for appellee.