DEBORAH BRADLEY, AND HUSBAND BOBBY BRADLEY v. WACHOVIA BANK & TRUST COMPANY, N.A., EXECUTOR OF THE ESTATE OF DAN W. FOSTER

No. 8728SC1033

(Filed 21 June 1988)

**Landlord and Tenant § 8; Negligence § 50.1— fire in rental property—liability of landlord for loss of personal property**

The trial court properly granted summary judgment for defendant in an action for money damages for loss of personal property resulting from the burning of the house which plaintiffs rented from defendant where the forecast of evidence showed that wooden beams extending into the chimney had been in place since the construction of the house in 1900; the beams were neither readily detectable from inside the house nor when looking up through the chimney; and there had been no previous indications of problems with the chimney despite years of use of woodstoves by plaintiffs and the previous lessees. The lessor was required only to use reasonable care in the inspection and maintenance of the leased property and was not required to tear down walls for the purposes of inspection without notice or any suggestion of a defective condition. N.C.G.S. § 42-42.

APPEAL by plaintiffs from *Lewis, Robert D., Judge.* Judgment entered 22 September 1987 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 11 April 1988.

Plaintiff lessees brought this action for negligent failure to repair seeking money damages for the loss of personal property resulting from the 21 December 1985 fire which occurred in the house rented by plaintiffs from defendant. Plaintiffs alleged the

fire was caused by the burning of wooden beams which extended into the chimney flue.

In their complaint, filed 4 May 1987, plaintiffs named as defendant Wachovia Bank & Trust Company, N.A., executor of the Dan W. Foster estate which owned and leased the house to plaintiffs. Defendant Bank timely filed an answer and moved for summary judgment on 21 August 1987. Having before it the parties' pleadings, affidavits and depositions, the trial court granted defendant's summary judgment motion by order dated 22 September 1987. In its order, the trial court stated that plaintiffs' evidence failed to show negligence on the part of defendant and "affirmatively show[ed] contributory negligence on the part of the plaintiff."

Plaintiffs appealed from the trial court's grant of summary judgment.

*Reynolds & Stewart, by G. Crawford Rippy, III, for plaintiffs-appellants.*

*Roberts Stevens & Cogburn, P.A., by Frank P. Graham and Glenn S. Gentry, for defendant-appellee.*

WELLS, Judge.

By their first assignment of error, plaintiffs contend that the trial court erred in granting summary judgment because the forecast of evidence showed there existed a genuine issue of material fact as to the cause of the house fire and because defendant was not entitled to judgment as a matter of law. We disagree.

On appeal from an order granting summary judgment, we must review the pleadings, affidavits and all other materials produced by the parties at the summary judgment hearing to determine whether there existed any genuine issue of fact and whether one party was entitled to judgment as a matter of law. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). "The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. The materials offered to support his motion are meticulously scrutinized and all inferences are resolved against him." *Boyce v. Meade*, 71 N.C. App. 592, 322 S.E. 2d 605 (1984). The materials of the nonmovant are indulgently regarded. *Town of West Jefferson v. Edwards*, 74 N.C. App. 377, 329 S.E.

2d 407 (1985). Having reviewed the record and briefs, we conclude that although the cause of the fire is not altogether clear, there are sufficient material facts not in dispute to determine that defendant Bank as lessor was entitled to judgment as a matter of law.

The forecast of the evidence tended to show the following:

On 15 October 1985, plaintiff Deborah Bradley signed a month-to-month residential rental lease with defendant Bank through its rental agent Booth-Barfield. Plaintiffs took possession of the leased premises on 20 October 1985. The house, owned by the Dan W. Foster estate for which defendant Bank was executor, was an 85-year-old wood frame house with two chimneys.

The lessees, who occupied the house immediately before plaintiffs, had heated the house by means of a woodstove connected to one of the chimney flues. Plaintiffs had likewise connected to the same chimney a wood-burning Buck stove with a metal exhaust pipe extending into the flue. Plaintiffs did not inspect the flue before installing the stovepipe. Despite several years of use by the previous tenants and the plaintiffs, there had never been any indication of an unsafe condition with respect to the chimney or the flue.

On or about 1 April 1985, defendant's agents inspected the house but did not do so again before the fire. Defendant's agents did not then inspect the chimney or the flue.

The chimney in which the woodstove was installed was covered on the interior of the house so that the wooden beams could not be readily detected. Plaintiff Bobby Bradley stated in his deposition with respect to the wooden beams: "You'd have never been able to see it [the beam], . . . If there hadn't have been light [light provided after fire burned down all but the chimney], if there hadn't have been the holes in the flue, I don't believe you could have seen them."

On the evening before the fire, plaintiffs prepared a fire in the woodstove as usual and left town. The family Christmas tree had been left standing in front of the stove. The next morning, 21 December 1985, the house burned. Plaintiffs lost all of their furnishings and an automobile.

An inspection of the burned debris both by plaintiffs and the West Buncombe Fire Department suggested that the fire had been caused by the ignition of wooden beams which had been installed in the chimney when the house was built in 1900. The ends of the beams were charred from fire damage.

Plaintiffs contend that N.C. Gen. Stat. § 42-42 of the "Residential Rental Agreements Act" imposes upon defendant as lessor a duty to maintain the flue and the chimney in a safe condition. Citing our decisions in *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 284 S.E. 2d 702 (1981) and *Brooks v. Francis*, 57 N.C. App. 556, 291 S.E. 2d 889 (1982), plaintiffs argue that defendant lessor was required to maintain the premises in a fit and habitable condition which includes the duty to make safe any defective conditions on the premises. Failure to so maintain the premises or correct defective conditions, claim plaintiffs, constitutes a violation of G.S. § 42-42 thereby giving rise to evidence of negligence on the part of defendant. *Brooks v. Francis, supra.* Plaintiffs, however, have misapplied the law set forth in those decisions.

In both *Lenz* and *Brooks*, we held the defendant landlords liable for failing to repair or make safe defective conditions *of which they were aware or should have been aware*. In *Lenz*, defendant lessor was held liable for failing to clear an icy sidewalk on which plaintiff lessee fell suffering injuries. The liability we recognized in *Brooks* was defendant lessor's failure to repair rotting wood in the back porch of the demised premises, of which plaintiff lessee had previously complained several times.

Moreover, it is well settled that a landlord has a duty to warn of or repair latent defects only when he knows or should by reasonable inspection know of their existence. *See Robinson v. Thomas*, 244 N.C. 732, 94 S.E. 2d 911 (1956). G.S. § 42-42, in requiring the provision of a fit and habitable premises, does not abrogate this rule.

As we have made clear in *Brooks* and *Lenz*, a violation of G.S. § 42-42 amounts to evidence of negligence, not negligence *per se*, and as such requires the application of common law principles of negligence to determine a landlord's liability. In the present case, the forecast of evidence showed that the wooden beams which extended into the chimney had been in place since the con-

struction of the house in 1900. The beams were neither readily detectable from inside the house nor on inspection when looking up through the chimney. Further, there had been no previous indications of problems with the chimney despite years of use with woodstoves by plaintiffs and the previous lessees. Under general principles of negligence, the lessor is required only to use reasonable care in the inspection and maintenance of leased property. *Robinson, supra.* This standard did not impose upon defendant the duty to tear down walls for purposes of inspection without notice or any suggestion of a defective condition. We therefore hold that defendant was entitled to judgment as a matter of law and affirm the trial court's grant of summary judgment. Having decided the case on the basis of plaintiff's first assignment of error, we need not reach their second assignment of error regarding the trial court's finding plaintiffs contributorily negligent.

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.