KATHARINE N. DIORIO, Plaintiff v. WILLIAM E. PENNY AND BETTY S. PENNY, Defendants

No. 9029SC1158

(Filed 16 July 1991)

**Landlord and Tenant § 8.4 (NCI3d) — dangerous condition of stairs — knowledge by tenant — contributory negligence**

Plaintiff tenant's action to recover for injuries received in a fall on a stairway based on defendant landlords' alleged negligent construction and maintenance of the stairs was barred by plaintiff's contributory negligence as a matter of law where plaintiff knew of the dangerous condition of the stairs but failed for six months to take any action to correct it or to notify the landlords of the condition.

**Am Jur 2d, Landlord and Tenant §§ 761, 771; Premises Liability §§ 68, 583, 815.**

Judge GREENE dissenting.

APPEAL by plaintiff from judgment entered 30 August 1990 in HENDERSON County Superior Court by *Judge Marvin K. Gray.* Heard in the Court of Appeals 15 May 1991.

*Morris, Bell & Morris, by William C. Morris, Jr., for plaintiff-appellant.*

*Roberts, Stevens & Cogburn, P.A., by Frank P. Graham, for defendants-appellees.*

LEWIS, Judge.

On 13 July 1985 Katharine N. Diorio and her husband leased a two-story house, owned by the defendants, in Henderson County. The house contained a staircase which did not have a handrail and consisted of twelve to fifteen steps varying from four to nine inches in height. At the time plaintiff signed the lease the staircase was covered by carpeting which extended unsupported approximately two inches beyond each step before continuing down the riser to the next step. Before leasing the house plaintiff and her husband viewed the interior of the house and walked up and down the staircase. Upon moving into the house plaintiff and her husband used one of the upstairs rooms as their bedroom. Prior to 20 January

1986, the plaintiff had slipped on the stairs on more than one occasion. She was never injured because she would always catch herself on the wall. Furthermore, prior to 20 January 1986, the plaintiff's daughter had slipped and fallen down the stairs but was not injured. Neither the plaintiff nor any member of her family complained to the defendants about the condition of the stairs at any time.

On 20 January 1986 in the evening the plaintiff walked down the stairs, slipped on the overhanging carpet on one of the steps, tumbled down the remaining stairs and broke her right arm. On 30 April 1987 she filed suit against the defendants. Having voluntarily dismissed that claim on 30 April 1990, she subsequently filed another complaint alleging that the defendants had negligently constructed and maintained the stairs. The defendants filed an answer to the complaint on 29 May 1990 denying negligence and alleging contributory negligence as a defense. Defendants' motion for summary judgment was granted on 31 August 1990. Plaintiff appeals.

"On motion for summary judgment, the question before the Court is whether the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law." *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656, 267 S.E.2d 584, 586 (1980). While issues of negligence and contributory negligence are rarely appropriate for summary judgment, *Ballenger v. Crowell*, 38 N.C. App. 50, 54, 247 S.E.2d 287, 291 (1978), the trial court will grant summary judgment in such matters where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury. *Bogle v. Duke Power Co.*, 27 N.C. App. 318, 321-22, 219 S.E.2d 308, 311 (1975), *cert. denied*, 289 N.C. 296, 222 S.E.2d 695 (1976).

The uncontroverted evidence in this case indicates that the plaintiff, who had used the stairs at least twice a day for nearly six months, by her own admission was aware that the stairs posed a danger to the extent that she more than once had to "catch herself" on the wall while descending. The plaintiff also admits that she had not notified the landlord of the danger and had not taken any other step to correct the condition of the stairs. This

**DIORIO v. PENNY**

[103 N.C. App. 407 (1991)]

Court has previously stated that, "[t]he law imposes upon a person the duty to exercise ordinary care to protect himself from injury and to avoid a known danger; and that where there is such knowledge and there is an opportunity to avoid such a known danger, failure to take such opportunity is contributory negligence." *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 122, 284 S.E.2d 702, 706-07 (1981), *disc. rev. denied*, 305 N.C. 300, 290 S.E.2d 702 (1982). Where the plaintiff knew the danger of the stairs and in the course of six months failed to undertake any action whatsoever to correct it or to notify the landlord of the condition, the plaintiff, in our judgment, has violated the standard of ordinary care and is contributorially negligent as a matter of law. We distinguish this case from the holding in *Lenz v. Ridgewood Associates, id.*, where this Court vacated a directed verdict for the defendant. There we held that it was for the jury to decide whether a reasonable person would have stayed at home instead of exposing himself to a known danger, i.e., an icy walkway outside his home. Though Mrs. Diorio had no alternative route to the first floor of the house and while one could not reasonably expect her to remain on entirely the second floor, by her own admission she, unlike the plaintiff in *Lenz*, was not confronted with the danger for the first time on the date of her injury. She had experienced six months of close exposure to a known condition and failed to notify the landlord or take reasonable corrective measures. A plaintiff who knowingly exposes herself to a risk of which she has had long-term prior notice, has a reasonable choice or option to seek to avoid that danger and fails to exercise that option, is contributorially negligent as a matter of law. *See Brooks v. Francis*, 57 N.C. App. 556, 291 S.E.2d 889 (1982).

Since we have determined that plaintiff is contributorially negligent as a matter of law, we decline to address the issue of whether the plaintiff has made a prima facie case of negligence sufficient to take the case to the jury.

The judgment of the trial court is therefore

Affirmed.

Judge EAGLES concurs.

Judge GREENE dissents.

DIORIO v. PENNY

[103 N.C. App. 407 (1991)]

Judge GREENE dissenting.

The majority concludes that the plaintiff was contributorially negligent as a matter of law because she "failed to undertake any action whatsoever to correct . . . [the staircase] or to notify the landlord" of its allegedly defective condition. I disagree.

I

A

For purposes of tort law and the doctrine of contributory negligence, a tenant may be required to correct defective conditions in the leased premises to avoid injury to herself. This duty, however, depends on various factors, including, but not limited to, the extent of the defect and the cost to the tenant to repair it. Although a tenant may be contributorially negligent if she fails to repair a minor defect which subsequently causes her injury, see N.C.G.S. § 42-43(a)(1) (1984) (tenant obligated to keep premises as "safe as the conditions of the premises permit"), the tenant is not expected to make major repairs, such as rebuilding a staircase with risers of varying heights or replacing carpeting on such a staircase. Such repairs are for the landlord. See N.C.G.S. § 42-42(a)(1), (2) (1984) (landlord obligated to comply with building codes and "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition"). Because the circumstances dictate whether the tenant should make repairs required for safety purposes, the issue of whether a tenant injured by the defective condition is contributorially negligent for failing to make those repairs is a question properly reserved for the jury.

B

I further disagree that the plaintiff's failure to notify the defendants of the condition of the staircase renders her contributorially negligent as a matter of law.

A prerequisite for a landlord's tort liability for the failure to repair a defective condition under N.C.G.S. § 42-42(a)(2) is (1) notice, either written or oral, to the landlord of the condition or (2) evidence that the landlord was aware or should have been aware of it. See Surratt v. Newton, 99 N.C. App. 396, 405-06, 393 S.E.2d 554, 559 (1990); Bradley v. Wachovia Bank & Trust Co., 90 N.C. App. 581, 584, 369 S.E.2d 86, 88 (1988). Here, the defendants' evidence shows that the plaintiff never notified the defendants of the condi-

tion. The plaintiff's evidence, however, shows that the defendants were aware of the condition of the staircase in that Jennifer Ciechan, the tenant in the house before the plaintiff, had fallen on the carpeted staircase. Ciechan testified at her deposition that although she could not specifically recall the actual conversation with the defendants concerning her fall on the stairs, she felt like the fall had been mentioned to them. Furthermore, the defendants themselves lived in this house in the early 1980's after the staircase had been carpeted and therefore were aware or, at the very least, should have been aware of the condition of the staircase. Accordingly, because the plaintiff has demonstrated that a genuine issue of material fact exists on the question of whether the defendants were aware or should have been aware of the condition of the staircase, summary judgment for the defendants on that ground was improper.

## C

Furthermore, the plaintiff was not otherwise contributorially negligent as a matter of law.

"[T]he law imposes upon a person the duty to exercise *ordinary care* to protect himself from injury and to avoid a known danger; and that where there is such knowledge and there is an opportunity to avoid such a known danger, failure to take such opportunity is contributory negligence." *Lenz v. Ridgewood Assocs.*, 55 N.C. App. 115, 122, 284 S.E.2d 702, 706-07 (1981), *disc. rev. denied*, 305 N.C. 300, 290 S.E.2d 702 (1982) (emphasis in text). Stated differently, "contributory negligence per se may arise where a plaintiff knowingly exposes himself to a known danger when he had a *reasonable* choice or option to avoid that danger, . . . or when a plaintiff heedlessly or carelessly exposes himself to a danger or risk of which he knew or should have known." *Id.* at 122-23, 284 S.E.2d at 707 (citation omitted) (emphasis in text). Therefore, a plaintiff is not contributorially negligent as a matter of law when she "undertakes a reasonably necessary journey or mission or engages in a reasonably necessary activity where there are no reasonable alternatives open to . . . [her] even in the face of risk of harm to . . . [herself]." *Id.* at 123, 284 S.E.2d at 707; *see Collingwood v. General Elec. Real Estate Equities*, 324 N.C. 63, 71-72, 376 S.E.2d 425, 430 (1989) (plaintiff not contributorially negligent as a matter of law where plaintiff jumped from her third-floor apartment win-

dow to escape from a raging fire outside her door, even though no smoke or fire entered her apartment).

In *Lenz*, at about 10:30 a.m. on 20 January 1978, the plaintiff slipped and fell on an icy walkway leading from his apartment to the parking lot where his car was located. He was on his way to Greensboro College. The ice had formed on the walkway from a previous ice storm a month earlier and from an ice storm during the day and night of 19 January 1978. The plaintiff testified that he walked across the ice carefully because he knew it was slick. On cross-examination, the plaintiff testified that he could have taken another route to his car, but even "had he taken such route, he nevertheless would have been faced with negotiating some areas of ice-covered sidewalks." *Lenz*, 55 N.C. App. at 121, 284 S.E.2d at 706. The plaintiff alleged that the owners of the apartment complex were negligent in failing to maintain the common areas in a safe condition. Specifically, the plaintiff alleged that the defendants failed to exercise ordinary care to remove the ice from the walkway. The defendants argued that the plaintiff was contributorially negligent as a matter of law in walking "where he knew he would encounter an unsafe or dangerous condition . . . ." *Id.* at 122, 284 S.E.2d at 706. This Court disagreed with the defendants and held that the issue of the plaintiff's alleged contributory negligence presented jury questions. The jury had to decide whether the plaintiff, as an ordinarily prudent person, should have stayed in his apartment, whether the plaintiff's journey to school was a reasonably necessary journey, and whether the plaintiff had a reasonable, alternate route to his car. *Id.* at 123, 284 S.E.2d at 707.

Likewise, the facts of this case present jury questions about the plaintiff's alleged contributory negligence. The evidence, viewed in the light most favorable to the plaintiff, shows that she proceeded carefully down the only staircase in the house but nevertheless slipped and fell. The jury, not this Court, must decide whether she undertook a reasonably necessary journey or engaged in a reasonably necessary activity, whether there were no reasonable alternatives open to her even in the face of the alleged risk of harm to herself posed by the staircase, and whether she carelessly exposed herself to the alleged risk of which she knew or should have known.

The defendants argue that the plaintiff's past experience with the staircase combined with her knowledge that the stairs were

narrow, steep, carpeted, and difficult to negotiate compels a conclusion that the plaintiff was contributorily negligent as a matter of law. I disagree. As our Courts have repeatedly stated,

> the existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior — 'the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.'

*Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980) (citation omitted) (emphases in text); *Collingwood*, 324 N.C. at 71, 376 S.E.2d at 430; *O'Neal v. Kellett*, 55 N.C. App. 225, 229, 284 S.E.2d 707, 710 (1981) (plaintiff considered steps unsafe); *Lenz*, 55 N.C. App. at 122, 284 S.E.2d at 707.

Finally, the defendants' reliance on *Brooks v. Francis*, 57 N.C. App. 556, 291 S.E.2d 889 (1982), is misplaced. In *Brooks*, the plaintiff-tenant was injured on her way to her backyard when the steps in the rear of her house collapsed under her feet. The plaintiff knew that the rear steps were unstable, considered them to be dangerous, and had notified her landlord many times about the condition of the steps. The house had a set of cement steps in the front, and the plaintiff could have reached her backyard had she used her front steps. These cement steps provided the plaintiff with a completely safe, alternate route to her backyard. Therefore, by choosing a known dangerous route when she had a reasonable option, the plaintiff was contributorily negligent as a matter of law. *Id.* at 560, 291 S.E.2d at 891-92. On the facts in the record in this case, the plaintiff did not have the reasonable option that the plaintiff in *Brooks* had. Therefore, because the plaintiff was not contributorily negligent as a matter of law in using the staircase in her house, unlike the plaintiff in *Brooks*, the trial court erred in granting summary judgment for the defendants on that ground.

## II

The defendants argue in the alternative, an issue not addressed by the majority, that they are entitled to summary judgment because the evidence reveals that they were not negligent. I disagree.

Because the defendants moved for summary judgment, they had the burden of conclusively showing that they were not negligent

DIORIO v. PENNY

[103 N.C. App. 407 (1991)]

or that the plaintiff was contributorially negligent, a matter previously discussed. Based upon the plaintiff's deposition transcript, her husband's deposition transcript, the plaintiff's response to the defendants' request for admissions, and the plaintiff's answer to the defendants' interrogatories, the defendants argue that they are entitled to summary judgment because the *plaintiff* did not show in these materials that the defendants had breached a duty of care or that the plaintiff's injuries were proximately caused by any alleged defect in the staircase. The defendants misunderstand their burden on their summary judgment motion. The plaintiff was not required at the hearing to establish any element of her claim until the defendants had shown that an essential element of her claim did not exist or that the plaintiff could not produce evidence to support an essential element of her claim. To require the plaintiff-non-movant to show a breach of duty or the existence of proximate cause would be to allow the defendants to shift their burden onto the plaintiff and thereby require the plaintiff to prove her claim at the summary judgment hearing. North Carolina courts do not follow this federal approach to burden allocations on summary judgment motions. *See Metts v. Piver*, 102 N.C. App. 98, 101-03, 401 S.E.2d 407, 409-10 (1991) (Greene, J., concurring in the result).

Here, the defendants did not produce any evidence conclusively showing that plaintiff's injuries were not proximately caused by the alleged defects in the staircase. Furthermore, the only evidence the defendants produced to show that they did not breach a duty of care owed to the plaintiff was the fact that the plaintiff never notified the defendants of the defective condition of the staircase. Accordingly, the plaintiff was only required to produce evidence on this element of her claim. As stated above, the plaintiff's evidence shows that the defendants were or should have been aware of the condition of the staircase. This evidence demonstrates that a genuine issue of material fact exists on this issue and precludes summary judgment for the defendants.

I would reverse the trial court's order of summary judgment.