LEE JETER DAVIES, Guardian ad Litem for ELIZABETH H. HARDY, a minor, and LEE JETER DAVIES, Individually, Plaintiffs v. FORREST RAY LEWIS, JAN LEWIS, and LUCY LEWIS, Defendants

No. COA98-701

(Filed 4 May 1999)

**Negligence— contributory—diving into shallow water**

The trial court correctly granted summary judgment for defendants in a negligence action arising from an injury suffered when the minor plaintiff (Elizabeth) dove from defendants' dock into shallow water to join defendants' daughter on a personal water craft. Elizabeth knew from her experience as a trained diver that diving into water of an unknown depth was dangerous, but did so by her own choosing and at her own risk. Her decision to dive without attempting to measure the water's depth constitutes contributory negligence.

Appeal by plaintiffs from order entered 3 March 1998 by Judge James G. Llewellyn in New Hanover County Superior Court. Heard in the Court of Appeals 27 January 1999.

*Anderson, Daniel & Coxe, by Henry L. Anderson, Jr., for plaintiff-appellants.*

*Marshall, Williams & Gorham, L.L.P., by William Robert Cherry, Jr., and John L. Coble, for defendant-appellees.*

LEWIS, Judge.

On the afternoon of 19 August 1994 and at the invitation of defendant Lucy Lewis ("Lucy"), age thirteen, plaintiff Elizabeth H. Hardy ("Elizabeth"), age fourteen, traveled on the Intracoastal Waterway via her personal watercraft (referred to in both parties' briefs as a "wave runner") to visit Lucy. Lucy was waiting for Elizabeth on defendants' floating dock, which was part of the pier extending from defendants' property into the Waterway. After Elizabeth arrived and docked her wave runner, Lucy boarded the wave runner and started it while Elizabeth laid down on the dock to sunbathe.

Within seconds, Lucy was approximately 10 or 15 feet into the Intracoastal Waterway when she called for Elizabeth to "come on." Elizabeth, fearing that her mother would take the wave runner from her if she found out another person was on it alone, got up from the dock and dove in the water. The water was approximately 12 inches deep, and Elizabeth struck her head and broke her neck upon diving. When Lucy asked her what happened, Elizabeth told her, "I dove in." When Lucy asked why Elizabeth did so, Elizabeth stated, "I did a shallow water dive. I thought I could do it."

Prior to that date, Elizabeth had been swimming and diving from the defendants' dock approximately six times, during which she was never able to see more than one or two inches into the water; she had not, however, previously dove in the direction she did that day. All of these dives were what Elizabeth considered "shallow dives," and she had learned how to dive in this manner under instruction at a camp. She also was instructed at camp not to dive into water when she did not know its depth, and had been told by her mother not to dive off the floating dock behind their own home, where the water was two or three feet deep. Based on her experience as a diver, though, Elizabeth considered it safe to perform a shallow dive into two feet of water. Elizabeth knew that the water depth changed with the tide, but assumed the tidal conditions at defendants' floating dock would remain constant.

From this unfortunate occurrence has come a prolonged attempt by plaintiffs to place the blame for Elizabeth's accident on defendants. Plaintiffs initially filed suit against defendants Forrest Ray Lewis and Jan Lewis in federal district court on 27 March 1995, asserting admiralty jurisdiction. Lucy was added as a defendant on 23 May 1995 in an amended complaint which stated, among other things, that at the time of the accident, Elizabeth "was in the process of boarding a boat/vessel pursuant to the commands and directions of the captain of said boat, [Lucy]. . . ." That court granted defendants' motion to dismiss the case for lack of subject matter jurisdiction, noting that it could "perceive of no serious argument and analysis which would support a maritime nexus with the events resulting in Elizabeth's injury." *Brock v. Lewis*, No. 7:95-CV-44-F (E.D.N.C. 1995), slip op. at 15-16.

Plaintiffs appealed this decision to the United States Court of Appeals for the Fourth Circuit, which affirmed the district court's decision in an unpublished opinion. In so doing, the Court noted the following:

Perhaps Elizabeth and her mother wanted the case in federal court because, under North Carolina law, contributory negligence provides a complete defense to a suit claiming negligence. The shallowness of the water at the spot where Elizabeth dove presented a real likelihood of a finding of contributory negligence on her part. In admiralty, however, comparative negligence rather than contributory negligence applies.

*Brock v. Lewis*, No. 95-2302, 86 F.3d 1148, 1996 WL 276980 (4th Cir. 1996) (unpublished), slip op. at 2, footnote 1 (citations omitted), *cert. denied,* —— U.S. ——, 136 L. Ed. 2d 377 (1996).

Having exhausted their attempts to be heard in the federal courts, plaintiffs then turned their attention homeward and filed a complaint in New Hanover County Superior Court on 29 January 1997, alleging negligence by Lucy and her parents. That court's order granting defendants' motion for summary judgment was filed 3 March 1998, and plaintiffs appeal to this Court from that order. We affirm.

To establish a valid claim of negligence, plaintiffs must show that defendants owed them a duty, that defendants breached this duty, and that damages were proximately caused by the breach. *See Tise v. Yates Construction Co., Inc.*, 345 N.C. 456, 460, 480 S.E.2d 677, 680

(1997). If defendants, as the party moving for summary judgment, "prov[e] that an essential element of the opposing party's claim is nonexistent, or . . . show[] through discovery that the opposing party cannot produce evidence to support an essential element of his claim," summary judgment is appropriate. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). "While issues of negligence and contributory negligence are rarely appropriate for summary judgment, the trial court will grant summary judgment in such matters where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury." *Diorio v. Penny*, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991) (citations omitted), *aff'd*, 331 N.C. 726, 417 S.E.2d 457 (1992).

We need not engage in an extensive analysis of defendants' duty to Elizabeth or any potential breach of that duty, even in light of our Supreme Court's recent decision in *Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998), to retroactively abolish the common law distinctions between invitees and licensees, because even if defendants were negligent, Elizabeth was contributorily negligent as a matter of law. "[T]he law imposes upon a person the duty to exercise *ordinary care* to protect himself from injury and to avoid a known danger; and . . . where there is such knowledge and there is an opportunity to avoid such a known danger, failure to take such opportunity is contributory negligence." *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 122, 284 S.E.2d 702, 706-07 (1981), *disc. review denied*, 305 N.C. 300, 290 S.E.2d 702 (1982). Because she was nearly fifteen years old, Elizabeth was capable of contributory negligence. *See, e.g., Welch v. Jenkins*, 271 N.C. 138, 144, 155 S.E.2d 763, 768 (1967) ("At . . . age [fourteen], there is a rebuttable presumption that [a minor] possessed the capacity of an adult to protect himself and he is, therefore, presumptively chargeable with the same standard of care for his own safety as if he were an adult."); *Bell v. Page*, 271 N.C. 396, 400, 156 S.E.2d 711, 715 (1967) ("[A] person *between* the ages of seven and fourteen may not be held guilty of contributory negligence as a matter of law.") (emphasis added).

Elizabeth failed to use ordinary care before diving into the water on the date in question. She knew from her experience as a trained diver that diving into water of an unknown depth was dangerous, but did so by her own choosing and at her own risk. There was a reasonable opportunity for her to avoid this danger by jumping instead of diving into the water, and her decision to dive without attempting to

DAVIES v. LEWIS

[133 N.C. App. 167 (1999)]

measure the water's depth constitutes contributory negligence. *See Lenz* at 122-23, 284 S.E.2d at 707 ("[C]ontributory negligence per se may arise where a plaintiff knowingly exposes himself to a known danger when he had a *reasonable* choice or option to avoid that danger, or when a plaintiff heedlessly or carelessly exposes himself to a danger or risk of which he knew or should have known.") (citations omitted). Lucy's call to "come on" did not force Elizabeth to dive, and the argument in plaintiffs' briefs that Elizabeth did so "pursuant to [Lucy's] command" insults Elizabeth's considerable intelligence. Here, just as was the case with an eighteen-year-old we deemed contributorily negligent as a matter of law when he was injured after making a shallow dive from a sliding board into a lake, "[t]he danger of striking the bottom of the swimming area when diving head first into shallow water was obvious to plaintiff." *Jenkins v. Lake Montonia Club*, 125 N.C. App. 102, 107-08, 479 S.E.2d 259, 263 (1997).

Plaintiffs' own aquatics and diving expert, Dr. M. Alexander Gabrielsen, testified in a deposition that the ultimate decision to dive was made by Elizabeth. He went on to state, "If you want the thing—what caused this accident, it was the depth of the water and nothing else." Although Dr. Gabrielsen later attempted to qualify his remarks by claiming that Lucy's presence was "important," it is clear that Elizabeth's "want of ordinary care was at least one of the proximate causes of the injury." *Diorio* at 408, 405 S.E.2d at 790. As noted above, Elizabeth explained her decision to Lucy after the dive by stating, "I thought I could do it." Regretfully, she could not, but that is through no fault of defendants.

The demonstration of Elizabeth's contributory negligence defeated the essential proximate cause element of plaintiffs' claim. As such, defendants were entitled to a grant of summary judgment. *See Collingwood* at 66, 376 S.E.2d at 427.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.