GARRY L. DRAKE and WANDA H. DRAKE, Plaintiffs,
v.
RUSSELL Z. ASTI, Defendant-Third Party Plaintiff,
v.
W. ERIC HANCE, Third Party Defendant.
No. COA08-1537
Court of Appeals of North Carolina
Filed October 20, 2009
This case not for publication
Erwin and Eleazer, P.A., by L. Holmes Eleazer, Jr., Fenton T. Erwin, Jr., and Ronald L. Gibson for Plaintiffs-Appellants.
Poyner & Spruill, LLP, by E. Fitzgerald Parnell, III and Cynthia L. Van Horne for Defendant-Appellee.
BEASLEY, Judge.
Plaintiffs (Garry L. Drake and Wanda H. Drake) appeal the judgment of Union County Superior Court denying their motion for partial summary judgment and granting summary judgment in favor of Defendant (Russell C. Asti). Because genuine issues of fact exist in determining whether Plaintiffs had a duty of care beyond their actions and whether Plaintiffs failed to use due care, we reverse.
Plaintiffs owned a residence at 3301 Chancellor Drive in Monroe, North Carolina, known as Lot 15 Legacy on the Lake (Lot 15). Plaintiffs also owned a vacant lot across the street from their residence (Lot 11). In June 2005, Plaintiffs entered into a contract with W. Eric Hance for Hance's purchase of Lot 15.
Defendant, an attorney licensed by the State of North Carolina, served as the closing attorney for Hance and represented Plaintiffs by preparing the deed transferring Plaintiffs' property. When Defendant prepared the deed in September 2005, he made an error in the legal description of the property transferred. Defendant recorded the deed with the erroneous property description. The purchase price under the contract contemplated only Lot 15, while the legal description in the deed included both Lot 15 and Lot 11.
Plaintiffs sought reformation to reflect their intentions by deleting Lot 11 from the recorded deed. In March 2008, the Union County Superior Court reformed the September 2005 deed by deleting from the legal description "All of Lot 11 Legacy on the Lake, as shown on upon a plat recorded in Plat Cabinet D, File 811." Hance appealed to this Court and on 3 March 2009, we affirmed the trial court's ruling, reforming the deed. Drake v. Hance, __ N.C. App. __, 673 S.E.2d 411 (2009).
In June 2008 Plaintiffs filed a complaint, alleging professional negligence, against Defendant to recover damages. In July 2008 Plaintiffs filed a motion for partial summary judgment on the issue of professional negligence stating that there were "no genuine issues of material fact involving Defendant's liability and that the Plaintiffs are entitled to judgment as a matter of law." Defendant moved for summary judgment pursuant to Rule 56(c). In October 2008, the trial court entered an order granting Defendant's motion for summary judgment, dismissing all of Plaintiffs' claims, and denying Plaintiffs' motion for partial summary judgment. From this order, Plaintiffs appeal.

SUMMARY JUDGMENT
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that `there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" In re Will of Jones, Jr., 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)). "A `genuine issue' is one that can be maintained by substantial evidence." Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000). "`When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party.'" Jones, Jr., 361 N.C. at 573, 669 S.E.2d at 575 (quoting Dalton v. Camp, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001)).
Because an "attorney-client relationship existed between the parties, [Defendant] owed [Plaintiffs] a fiduciary duty to render [his] professional services in a skillful and prudent manner." Cornelius v. Helms, 120 N.C. App. 172, 175, 461 S.E.2d 338, 340 (1995).
An attorney who engages in the practice of law and contracts to prosecute an action for his client "is answerable in damages for any loss to his client which proximately results from a want of that degree of knowledge and skill ordinarily possessed by others of his profession similarly situated, or from the omission to use reasonable care and diligence, or from the failure to exercise in good faith his best judgment in attending to the litigation committed to his care."
Snipes v. Jackson, 69 N.C. App. 64, 75, 316 S.E.2d 657, 663 (1984) (quoting Hodges v. Carter, 239 N.C. 517, 520, 80 S.E.2d 144, 146 (1954)). To establish negligence in a legal malpractice action, Plaintiffs must prove two things: (1) that Defendant breached a duty owed to his client, Plaintiffs and (2) that this negligence proximately caused Plaintiffs' damages. Cornelius, 120 N.C. App. at 175-76, 461 S.E.2d at 340.
"`In a negligence action, summary judgment for defendant is proper where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury.'" Hahne v. Hanzel, 161 N.C. App. 494, 497-98, 588 S.E.2d 915, 917 (2003) (quoting Williams v. Power & Light Co., 36 N.C. App. 146, 147, 243 S.E.2d 143, 144 (1978)). "`While issues of negligence and contributory negligence are rarely appropriate for summary judgment, the trial court will grant summary judgment in such matters where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury.'" Davies v. Lewis, 133 N.C. App. 167, 170, 514 S.E.2d 742, 743-44 (1999) (quoting Diorio v. Penny, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991)). Summary judgment is appropriate only in "exceptional negligence cases" because "the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court." Ragland v. Moore, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980) (citing Page v. Sloan, 281 N.C. 697, 190 S.E.2d 189 (1972)).
Here, Defendant seeks summary judgment based on the Plaintiffs' contributory negligence. Defendant argues that because Plaintiffs presumably had knowledge of documents they signed, Plaintiffs' signature on the deed conveying the additional lot was an act of contributory negligence. It is a question for the jury to conclude whether negligence and/or contributory negligence are the proximate cause of any injury suffered. Id. at 367, 261 S.E.2d at 671. Further, "[t]he motion for summary judgment also presents the question of whether plaintiff . . . was contributorily negligent as a matter of law." Id.
We do not accept that Plaintiffs' actions constituted per se negligence such as to require a grant of summary judgment in favor of Defendant. Instead, genuine issues of fact exist for consideration by a trier of fact, rendering this case inappropriate for summary judgment. Indeed, the record does not sufficiently reflect whether the Plaintiffs failed to exercise due care. A reasonable juror could find that the Plaintiffs' actions of selecting and relying on a competent attorney, conformed with their responsibility to exercise due care.
In addition, a genuine issue exists as to Plaintiffs' duties. It is true that Plaintiffs had a duty to read the deed before it was signed. "`The duty to read an instrument or to have it read before signing it, is a positive one, and the failure to do so, in the absence of any mistake, fraud or oppression, is a circumstance against which no relief may be had, either at law or in equity.'" Massey v. Duke Univ., 130 N.C. App. 461, 464, 503 S.E.2d 155, 158 (1998) (quoting Mills v. Lynch, 259 N.C. 359, 362, 130 S.E.2d 541, 543-44 (1963)). However, because Plaintiffs lack the training and expertise acquired by their attorney, a jury should be afforded the opportunity to determine whether a duty to properly record can be extended to Plaintiffs. While Plaintiffs had a duty to read the deed before signing it, the duty to ensure that the deed was properly recorded rests with the Defendant. "In order to show negligence in a legal malpractice action, the plaintiff must first prove by the greater weight of the evidence that the attorney breached the duties owed to his client, and then show that this negligence proximately caused damage to the plaintiff[.]" Haas v. Warren, 341 N.C. 148, 151, 459 S.E.2d 254, 255 (1995). A reasonable jury could find that Plaintiffs' failure to detect the error in the legal description of the property did not discharge the Defendant of his duty to properly record the instrument. A genuine issue of fact exists regarding the duty that should be imposed upon the Plaintiffs, and whether the Plaintiffs breached that duty. Accordingly, because genuine issues persist, we reverse.
Reverse and remand.
Judges WYNN and STROUD concur.
Report per Rule 30(e).